

**Office of the New York State Attorney General**

**Letitia James Attorney General**

September 19, 2025

**VIA ECF**
Honorable Margaret M. Garnett
United States District Court for the
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:   *The People of the State of New York v. Puff Bar, et al.*,
               Case No. 25-CV-01445 (MMG)

Dear Judge Garnett:

      This Office represents Plaintiff the People of the State of New York (the "State"), and submits this letter in compliance with this Court's Order, dated March 6, 2025 (ECF No. 22), directing the parties to file on ECF a joint letter, as well as a proposed Civil Case Management Plan and Scheduling Order, as modified and updated on August 29, 2025 (ECF No. 109). The State respectfully submits this letter together with all Defendants.

    **1.  Statement of the Nature of the Action and Anticipated Defenses**

*Plaintiff's Position*:   New York State is grappling with a public health crisis among its youth, caused by flavored vapor products, particularly ready-to-use disposable vapes. The State brought this action to hold each Defendant accountable for creating, maintaining, and contributing to the youth vape epidemic in New York through their marketing, promotion, sales, and distribution into and within New York of flavored vapor products, including disposable vapes, in direct violation of federal, state, and local laws. *See* 15 U.S.C. § 376a; 15 U.S.C. § 376; 18 U.S.C. § 1716E; N.Y. Pub. Health L. §§ 1399-bb, 1399-bb-1,1399-ll, 1399-mm-1, 1701; and N.Y.C. Admin. Code § 17-715. The State seeks to stop Defendants' illegal and fraudulent business practices, abate the continuing public health crisis for which they are responsible, and hold Defendants accountable in law and equity for the harms they have inflicted on the State. The Complaint asserts claims against Defendants for violations of New York Executive Law § 63(12) for repeated and persistent illegality and fraudulent conduct, the federal Prevent All Cigarette Trafficking Act, common-law public nuisance, gross negligence, willful misconduct, and unjust enrichment.

*Defendants' Position*:  The State of New York has brought claims against numerous defendants alleging violations of state and federal laws related to vapor products. Defendants deny the State's allegations and maintain that the complaint fails to state actionable claims against them.

Hon. Margaret M. Garnett
Page 2

Specifically, Defendants anticipate asserting numerous defenses, including but not limited to: (1) lack of personal jurisdiction; (2) improper venue (as to some defendants); (3) failure to state claims upon which relief can be granted; (4) lack of standing; (5) preemption; (6) lack of causation; and (7) insufficient pleading with particularity required under Rule 9(b).

## 2. Contemplated Pre-Discovery Motions

*Plaintiff's Position*:    While reserving its right to seek leave to amend or default judgment as may be proper, the State currently does not anticipate making any pre-discovery motions.

*Defendants' Position:*  Defendants reserve the right to make pre-discovery motions.

## 3. Extending the Fact and Expert Discovery Period

*Plaintiff's Position*:    Following a series of meet and confers, consistent with the Court's original order, dated March 6, 2025, and its revised Order, dated August 29, 2025, the State proposes adopting in full the case management cadence and structure offered by all Defendants in April 2025. Nonetheless, the parties are unable to reach agreement on a small number of case management deadlines. Accordingly, the appended Proposed Civil Case Management Plan sets forth the parties' respective suggestions for this Court's consideration where necessary. By its submission, the State recognizes the Court's outer limit of 120 days for fact discovery and 45 days for expert discovery and that the majority of its proposed dates fall outside of those ordinary boundaries.[1] While the State is prepared to accept the Court's default dates, certain factors, such as the number of Defendants, militate in favor of extending beyond this Court's suggested timeframe for discovery. Moreover, although the State would prefer a shorter discovery period, by adopting the plan all Defendants supported in April, it avoids a protracted and unnecessary dispute now and potential extension requests in the future.

*Defendants' Position:*   There are twelve Defendants and several lawyers associated with each respective Defendant. Defendants respectfully submit that the discovery timeframe suggested by the State (150 days for fact discovery and 60 days for expert discovery) is insufficient given the complexity of this case. Pre-suit production sought by the Attorney General against other companies via subpoena was voluminous, covering a broad range of issues, including detailed records regarding imports, suppliers, shipping and the transportation, distribution, inventory, and sales, as well as marketing plans and materials, age verification processes, health and environmental impacts, and compliance with local, state, and federal laws (e.g., PACT Act).

These largely track the causes of action alleged in the complaint. The State, moreover, has indicated to defense counsel that it probably will be serving extensive discovery requests, both collectively against the Defendants and separately against each Defendant, and anticipates relying on fewer than five experts. The defense consequently will have numerous expert witnesses as well. The parties therefore need adequate time for fact discovery and depositions, especially as the State

---

[1] See attached proposed Civil Case Management Plan and Scheduling Order. The State's proposed fact discovery period is 171 days long, assuming discovery begins on September 25, 2025, and the State's proposed expert discovery period will be roughly 100 days long, measured from an anticipated summary judgment conference on or about April 14, 2026, following the close of fact discovery.

Hon. Margaret M. Garnett
Page 3

has also requested more than the standard ten (up to thirty) depositions. Just coordinating discovery and experts among the Defendants, while ultimately saving the parties and this Court time, will be a significant undertaking.  Additionally, ESI discovery will require significant resources to review and tag documents in a meaningful way.  Defendants' proposed fact discovery and expert discovery identified in the proposed case management order and proposed discovery chart as more realistic timeframes that will allow for orderly discovery without burdening the Court with discovery disputes that often arise from compressed schedules.  By way of example, Defendants anticipate the need for rolling production of documents up to twenty-one days from the close of fact discovery according to a production schedule agreed upon by the parties to adequately respond to the Attorney General's planned requests.

4. **Number of Depositions**

*Plaintiff's Position*:    The State requests permission to notice depositions beyond the standard ten, and to reserve the need to depose third party witnesses as necessitated by discovery. The State expects that thirty depositions would be sufficient for discovery purposes, given the number of parties, claims, and issues involved.

*Defendants' Position*: The appropriate number of depositions will depend on the State's witness list and expert disclosures. While Defendants acknowledge this case involves multiple parties, thirty depositions as requested by the State is excessive. Defendants propose that each side be limited to fifteen depositions, with the understanding that the parties can seek leave of Court for additional depositions if necessary, after the initial disclosures and witness lists are exchanged. This approach balances the need for discovery with principles of proportionality under Rule 26. In addition, Defendants assert that limiting the number of depositions is consistent with the parties' jointly pronounced desire to continue settlement discussions throughout the discovery process which should hopefully help alleviate the need for copious numbers of depositions (see comments below in paragraph (5)).

5. **Prospects for Settlement**

*Plaintiff's Position*:    The State is open to any and all discussions that will facilitate the just resolution of this action. We have engaged in several early discussions with three Defendant group parties, and remain open to any such continued or additional discussions in good faith.

*Defendants' Position*: Some Defendants intend to pursue settlement discussions with the State more assertively than others. Those Defendants will either file a motion with the Court requesting mediation through the Southern District of New York's formal settlement procedures or will engage with Plaintiffs directly to initiate meaningful settlement discussions. All Defendants remain open to good-faith settlement discussions at the appropriate times, while recognizing that such discussions may be premature until threshold legal issues are resolved and the parties have a better understanding of the scope of potential liability, if any.

Hon. Margaret M. Garnett
Page 4

### 6. **Protective Order**

The parties agree that a tailored confidentiality order governing the pre-trial phase of this action is appropriate. The parties have met and conferred on a protective order and have exchanged drafts, but several outstanding issues remain unresolved. It is the parties' hope to jointly submit a proposed protective order to the Court for approval by September 23, 2025 in advance of the September 25th scheduling conference. Should the parties be unable to reach agreement, we will submit the parties' respective proposed protective orders on September 23, 2025 for the Court's resolution.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Monica Hanna*

Monica Hanna
Special Counsel
*Counsel for Plaintiff*

*/s/ Robert C. Buschel*
Robert C. Buschel, Esq.
Buschel Gibbons, P.A.
501 East Las Olas Boulevard, Third Floor
Fort Lauderdale, Florida 33301
*Counsel for Ecto World, LLC and Magellan Technology Inc.*

*/s/ Michael J. McMullen*
Michael J. McMullen, Esq.
COHEN & MCMULLEN, P.A.
1132 SE 3rd Avenue
Fort Lauderdale, FL 33316
Office: (954) 523-7774
*Counsel for Ecto World, LLC and Magellan Technology Inc.*

*/s/ Zoe Aron*
Zoe Aron
Zoe Aron Law, P.C.
6380 Wilshire Boulevard, Suite 1606
Los Angeles, California 90048
Telephone: (310) 779-5843
Email: ZoeAronESQ@gmail.com
*Counsel for Ecto World, LLC and Magellan Technology Inc.*

*/s/ Eric Heyer*
Eric Heyer
Thompson Hine LLP

1919 M Street, N.W., Suite 700
Washington, D.C. 20036-3537
*Counsel for 10 Days, Inc., Midwest Goods Inc.,*
*SV3, LLC, Magellan, Ecto World, and Safa Goods LLC*

*/s/ Eric P. Gotting*
Eric P. Gotting
Keller and Heckman LLP
1001 G Street NW
Suite 500W
Washington, DC 20001
*Counsel for YLSN Distribution Inc. d/b/a Happy Distro*

*/s/ Andrew Bochner*
*/s/ Meredith Lloyd*
*/s/ Erik Dykema*
Andrew Bochner
Meredith Lloyd
Erik Dykema
Bochner PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 10018
*Counsel for YLSN Distribution Inc. d/b/a Happy Distro, Price Point Distributors Inc., Weis Khwaja, Hamza Jalili, and Mohammad Jalili*

*/s/ Mary G. Bielaska*
Mary G. Bielaska
Zanicorn Legal PLLC
845 Third Avenue, 6th Floor
New York, NY 10022
*Counsel for Puff Bar, PVG2, EVO Brands, LLC*

*/s/ Lesley Brovner*
*/s/ Mark Peters*
*/s/ Madison Kucker*
Lesley Brovner
Mark Peters
Madison Kucker
Peters Brovner
139 Fulton Street, Suite 132
New York, NY 10038
*Counsel for Safa Goods LLC*

*/s/ Christopher J. Dalton*
Christopher J. Dalton

Hon. Margaret M. Garnett
Page 6

Buchanan Ingersoll & Rooney PC
550 Broad Street
Suite 810
Newark, NJ 07102-4582
christopher.dalton@bipc.com
*Counsel for Myle Vape Inc. and MVH I, Inc.*