UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,                :
By LETITIA JAMES,                                            :     25 Civ. 1445 (MMG)
                                                                         :
                Plaintiff,                       :     ***PROPOSED*** **STIPULATION**
                                                                         :     **OF CONFIDENTIALITY AND**
      - against -                                          :     **PROTECTIVE ORDER**
                                                                         :
PUFF BAR, et al.,                                            :
                                                                         :
                Defendants.                  X
------------------------------------------------------------

WHEREAS the State and all defendants (collectively, the "Parties," or "Party," individually) have agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action;

IT IS HEREBY STIPULATED AND AGREED that the following provisions of this Confidentiality Order (the "Order") shall govern disclosure and use by the parties of all documents, testimony transcripts and other materials and information produced in the above-captioned case (collectively "Discovery Materials"):

    1.      The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court, including without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

    2.      "Confidential Information," as used herein, means any information which is

designated, in good faith, as Confidential by the designating party or third party (the "Designating Party") and disclosed to the other parties. In designating information as Confidential, the Designating Party will make such designation only as to non-public information that contains confidential financial information, or that contains commercially, competitively or otherwise sensitive information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Any documents, material or information to be designated Confidential may be so designated by stamping the documents, material or information with the legend "Confidential" prior to their production. In the case of documents or information stored electronically, a designation may be made by affixing the legend "Confidential" on the electronically produced document. However, where it is unduly burdensome or impossible to stamp or otherwise affix a legend on certain documents, a party may furnish a separate written or electronic notice to the Receiving Party specifically identifying the documents, material or information as "Confidential."

3. The designation of any material as Confidential Information shall apply with equal force to any copies, abstracts or summaries made thereof, or excerpts taken therefrom. Any individual making such copies, abstracts or summaries, or creating any document including excerpts taken therefrom (including, without limitation, expert reports or pleadings), shall preserve the confidentiality of the materials incorporated therein.

4. Except as provided by paragraph 5(g), documents or materials designated as Confidential Information or information derived therefrom, may be used solely for the purposes of the above-captioned action (the "Action") and shall not be used in any other action or proceeding, or for any other purpose, absent written consent by the Designating Party.

5. Confidential Information may be disclosed or made available by the Party receiving such information (the "Receiving Party") only to the following:

    a. the Court, *infra* paragraph 20, including Court personnel, potential jurors, jurors and/or alternates (at any trial or hearing);

    b. named parties, or officers, directors, and employees of such parties who are reasonably necessary to assist counsel in this case;

    c. in-house counsel for the parties and counsel for the parties in connection with this Action, including contract attorneys, paralegals, clerical, and secretarial staff employed by such counsel as necessary for the prosecution or defense of this Action and for preparation for trial;

    d. court reporters, videographers, and any outside duplicating or document management company retained by any Party to this Action;

    e. any law enforcement, government or other regulatory agency;

    f. persons noticed for depositions, or designated as trial witnesses, or potential witnesses and their counsel, to the extent reasonably necessary in connection with their testimony (or potential testimony) or in preparation therefor;

    g. outside consultants or experts retained at any time by counsel in connection with this litigation as a consulting or testifying expert pursuant to Rule 26(b)(4), Fed. R. Civ. P., and who reasonably require access to the particular Confidential Information for purposes of assisting them in this Action; and

    h. any other person that the Parties agree to in writing.

6.     Prior to the disclosure of any Confidential Information to any person designated in paragraph 5(f)-(h), such person must first agree to be bound by the terms of this Order by signing the Non-Disclosure Agreement in the form annexed as an Exhibit hereto, or, in the case of a deposition witness who has not previously signed the Non-Disclosure Agreement, by agreeing on the record to be bound by the terms of this Order. Counsel shall retain copies of each signed Non-Disclosure Agreement during the course of this litigation until terminated by a final non-appealable judgment or settlement.

7.     If any Confidential Information is inadvertently disclosed to any person other than a person designated in paragraph 5, the Receiving Party that caused the disclosure shall (a) promptly notify the Designating Party of such disclosure, (b) use its best efforts to secure the return or destruction of all such Confidential Information (including any copies, abstracts or summaries made thereof, or excerpts taken therefrom), and (c) shall use its best efforts to obtain that person's Acknowledgment to be bound by the terms of this Order, it being understood that the Designating Party shall retain all of its rights and remedies under this Order.

8.     In the event that a party inadvertently fails to designate any documents or information as Confidential, such failure shall not constitute a waiver of any claim of confidentiality so long as the producing party within fifteen (15) business days of becoming aware of such failure to designate makes such a designation by notifying the Receiving Parties in writing. Upon receipt of such written notice, the Receiving Parties shall treat information contained in said documents and materials and any summaries or notes thereof as Confidential Information.

9.     If any Party wishes to use or inquire at any deposition concerning any Confidential Information or information derived therefrom, the portion of the deposition transcript and exhibits

which relate to such documents, materials or information shall be designated as Confidential and shall be bound separately, and subject to the provisions of this Order.

10. Deposition testimony may be designated as Confidential either (i) at the deposition, by making a statement on the record that the information is Confidential, or (ii) on or before fifteen (15) business days after receipt of the transcript, by notifying all counsel to the Parties in writing of such designation. Until the expiration of such fifteen (15) business day period with respect to any deposition transcript, all deposition testimony and transcripts shall be deemed to be Confidential Information and treated as if so designated.

11. Any party who either objects to any designation of confidentiality, or who, by contrast requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

12. The inadvertent production of any privileged information during discovery in this Action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and no Party shall be held to have waived any rights by such inadvertent production

13. In the event that any document that is subject to a claim of attorney-client privilege, work product, law enforcement privilege, deliberative process privilege or any other applicable privilege or protection, is inadvertently produced ("Inadvertently Disclosed Information"), the

Receiving Party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the Receiving Party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The Receiving Party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The Disclosing Party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. Documents, materials or information designated as Confidential shall not be disclosed (other than by the Designating Party) except in accordance with the terms of this Order.

18. Nothing herein shall impose any restrictions on the use or disclosure by a Party of its own documents, or documents or information obtained by such Party independent of the discovery proceedings in this Action, whether or not such documents, material or information are

also obtained through discovery proceedings in this Action. The burden of demonstrating that the documents, material or information was obtained independently of the discovery proceedings in this Action is on the Receiving Party.

19. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

21. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed.

22. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| | |
|---|---|
| Dated:   September __, 2025 | Dated:   September __, 2025 |
| BUSCHEL GIBBONS, P.A. | LETITIA JAMES<br>Attorney General for the State of New York |
| By: _____<br>   Robert C. Buschel, Esq.<br>   501 East Las Olas Boulevard, Third Floor<br>   Fort Lauderdale, Florida 33301<br>   Phone: (954) 530-5748<br><br>*Co-Counsel for Defendants Ecto World, LLC and Magellan Technology Inc.* | By: _____<br>   Monica Hanna<br>     *Special Counsel*<br>   Colleen K. Faherty<br>     *Special Trial Counsel*<br>   Leslieann Cachola<br>     *Deputy Bureau Chief*<br>   Alex Finkelstein<br>   Wil Handley<br>   Joy K. Mele<br>     *Assistant Attorneys General*<br>   28 Liberty Street<br>   New York, New York 10005<br>   Phone: (212) 416-8227<br><br>*Attorney for People, State of New York* |
| Dated:   September __, 2025 | Dated:   September __, 2025 |
| COHEN & MCMULLEN, P.A. | ZOE ARON LAW, P.C. |
| By: _____<br>   Michael J. McMullen, Esq.<br>   1132 SE 3rd Avenue<br>   Fort Lauderdale, Florida 33316<br>   Phone: (954) 523-7774<br><br>*Co-Counsel for Defendants Ecto World, LLC and Magellan Technology Inc.* | By: _____<br>   Zoe Aron, Esq.<br>   6380 Wilshire Boulevard, Suite 1606<br>   Los Angeles, California 90048<br>   Phone: (310) 779-5843<br><br>*Co-Counsel for Defendants Ecto World, LLC and Magellan Technology Inc.* |

Dated:  September __, 2025

THOMPSON HINE LLP

By: _____
    Eric N. Heyer, Esq.
    Joseph A. Smith, Esq.
    James C. Fraser, Esq.
    Anna Stressenger, Esq.
    Irvin Hernandez, Esq.
    Ryan D. Callinan, Esq.
    1919 M Street, N.W., Suite 700
    Washington, D.C. 20036-3537
    Phone: (202) 331-8800

*Counsel for Defendants SV3, LLC and Midwest Goods Inc.*
*Co-Counsel for Defendants Ecto World, LLC, Magellan Technology Inc., 10 Days, Inc., and Safa Goods LLC*

Dated:  September __, 2025

KELLER AND HECKMAN LLP

By: _____
    Eric P. Gotting, Esq.
    1001 G Street, N.W., Suite 500W
    Washington, D.C. 20001
    Phone: (202) 434-4269

*Co-Counsel for Defendant YLSN Distribution Inc.*

Dated:  September __, 2025

BOCHNER PLLC

By: _____
    Andrew D. Bochner, Esq.
    Meredith Lloyd, Esq.
    Erik Dykema, Esq.
    Serge Krimnus, Esq.
    Ishmael Green, Esq.
    1040 Avenue of the Americas, 15th Floor
    New York, New York 10018
    Phone: (646) 971-0685

*Counsel for Defendants Price Point Distributors Inc., Weis Khwaja, Hamza Jalili, and Mohannad Jalili*
*Co-Counsel for Defendant YLSN Distribution Inc.*

Dated:  September __, 2025

ZANICORN LEGAL PLLC

By: _____
    Mary G. Bielaska, Esq.
    845 Third Avenue, 6th Floor
    New York, New York 10022
    Phone: (858) 761-2197

*Counsel for Defendants Puff Bar, EVO Brands, LLC and PVG2, LLC*

| | |
|---|---|
| Dated: September __, 2025 | Dated: September __. 2025 |
| PETERS BROVNER LLP | BUCHANAN INGERSOLL & ROONEY P.C. |
| By: _____<br>   Lesley Brovner, Esq.<br>   Mark Peters, Esq.<br>   Madison A. Kucker, Esq.<br>   139 Fulton Street, Suite 132<br>   New York, New York 10038<br>   Phone: (917) 639-3270<br><br>   *Co-Counsel for Defendant Safa Goods, LLC* | By: _____<br>   Christopher James Dalton, Esq.<br>   550 Broad Street, Suite 810<br>   Newark, New Jersey 07102-4582<br>   Phone: (973) 273-9800<br><br>   *Counsel for Defendants Mylè Vape Inc. and MVHI, Inc.* |

Dated: September __, 2025

SHEPPARD MULLIN RICHTER & HAMPTON LLC

By: _____
   Kazim Naqvi, Esq.
   Allison Catherine Wong, Esq.
   350 South Grand Avenue, 40th Floor
   Los Angeles, California 90071
   Phone: (213) 617-4299

   Damani C. Sims, Esq.
   30 Rockefeller Plaza
   New York, New York 10112
   Phone: (212) 653-8700

   *Co-Counsel for Defendants 10 Days, Inc.*

**SO ORDERED**:

Dated: _____

_____
Hon. Margaret M. Garnett, U.S.D.J.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,            :
By LETITIA JAMES,                           :   25 Civ. 1445 (MMG)
                                            :
                Plaintiff,                  :   **NON-DISCLOSURE AGREEMENT**
                                            :
        - against -                         :
                                            :
PUFF BAR, et al.,                           :
                                            :
                Defendants.                 X
---------------------------------------------------------------
```

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____   _____
                                                                      SIGNATURE

Sworn to before me this \_\_\_ day
of _____, 20\_\_.

_____
      NOTARY PUBLIC