**THOMPSON HINE**

ATLANTA   CINCINNATI   COLUMBUS   LOS ANGELES   NEW YORK
CHICAGO   CLEVELAND   DAYTON   MINNEAPOLIS   WASHINGTON, D.C.

September 24, 2025

<u>**VIA ECF**</u>

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *The People of the State of New York v. Puff Bar, et al.*
              Case No. 25-cv-01445 (MMG)

Dear Judge Garnett:

      We write to submit Defendants' Proposed Stipulation of Confidentiality and Protective Order. As acknowledged in Plaintiff The People of the State of New York's correspondence, while the parties have conferred in good faith, we are currently unable to reach agreement on certain significant issues, requiring the parties to submit competing versions of the proposed "confidentiality and protective order" for the Court's consideration and resolution.

      While there are other, more minor modifications to Plaintiff's proposal, the primary distinctions between Plaintiff's proposal and Defendants' accompanying proposal are the inclusion of a "Highly Confidential – Attorneys' Eyes Only" designation, and the removal of the allowance for sharing of documents and information with government entities not a party to this litigation.

      Defendants believe these modifications are necessary to ensure protection of their confidential business information from third parties and from other parties to this litigation. As many of the Defendants are competitors in the same industry, they are concerned with certain confidential business information, such as pricing, sales, purchase, customer, and vendor/supplier information being shared or available to other defendants. Defendants believe such provisions are typical in similar cases that name multiple defendants who compete in the same industry and discovery is likely to involve confidential business information that could be damaging to the business of the producing the party if obtained by another competitor party.

      Likewise, Defendants believe the sharing of confidential information with third parties outside of this litigation, particularly other government entities, is particularly problematic. It is unclear what purpose such sharing would serve, particularly when the information produced by Defendants will be primarily New York-focused. To the extent a non-party government entity wishes to obtain documents or information from Defendants, they are free to pursue such information directly from Defendants through other means such as subpoenas, civil investigative demands, or other information gathering powers granted to them under federal or state laws and

---

Joe.Smith@thompsonhine.com   Fax: 202.331.8330   Phone: 202.263.4145

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W., Suite 700
Washington, D.C. 20036-3537

www.ThompsonHine.com
O: 202.331.8800
F: 202.331.8330



Hon. Margaret M. Garnett
September 24, 2025
Page 2

regulations. The City and State are not super-regulators empowered, in an individual civil suit, to collect information for all other regulators regardless of whether such regulators would otherwise have access to such documents.

    We appreciate the Court's attention to this matter, and review and resolution of this dispute.

    Respectfully,

    Joseph A. Smith