THOMPSON HINE

ATLANTA  CINCINNATI  COLUMBUS  LOS ANGELES  NEW YORK
CHICAGO  CLEVELAND  DAYTON  MINNEAPOLIS  WASHINGTON, D.C.

October 2, 2025

**VIA ECF**

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *The People of the State of New York v. Puff Bar, et al.*
               Case No. 25-cv-01445 (MMG)

Dear Judge Garnett:

      We write to submit Defendants' Proposed Stipulation of Confidentiality and Protective Order. While the parties have continued to confer in good faith following the Case Management Conference, we remain unable to reach agreement on certain significant issues, requiring the parties to submit competing versions of the proposed "confidentiality and protective order" for the Court's consideration and resolution.

      The primary distinctions between Plaintiff's proposal and Defendants' accompanying proposal are the inclusion of a "Highly Confidential Information – Attorneys' Eyes Only" designation, and the removal of the allowance for sharing of documents and information with government entities not a party to this litigation.

      Defendants continue to believe these modifications are necessary to ensure protection of their confidential business information from third parties and from other parties to this litigation. Many Defendants are competitors in the same industry, and are concerned with certain confidential business information, such as pricing, sales, purchase, customer, and vendor/supplier information being shared or available to other defendants. Defendants believe such provisions are typical in similar cases that name multiple defendants who compete in the same industry and discovery is likely to involve confidential business information that could be damaging to the business of the producing the party if obtained by another competitor party.

      Following further discussions with counsel for Plaintiffs, Defendants have further revised the provisions relating to the "Highly Confidential Information – Attorneys' Eyes Only" designation, including clarifying the examples of the types of documents and information that could be subject to such a designation. While the examples included in the proposed stipulation are not exhaustive, and documents and information outside of those identified may be designated as "Highly Confidential Information – Attorneys' Eyes Only", Defendants are still bound by the limitation that such information must constitute a trade secret or commercial information which if

Joe.Smith@thompsonhine.com   Fax: 202.331.8330   Phone: 202.263.4145

THOMPSON HINE LLP       1919 M Street, N.W., Suite 700       www.ThompsonHine.com
ATTORNEYS AT LAW        Washington, D.C. 20036-3537          O: 202.331.8800
                                                             F: 202.331.8330



disclosed would cause substantial injury to the competitive position of the producing party. Defendants also expressly acknowledge that they will work to limit such designations to those documents and information for which it is necessary.

While Plaintiff proposed potential further limitations, such as the documents have never been disclosed, designating only parts of documents as "Highly Confidential Information – Attorneys' Eyes Only", or requiring Defendants to provide justifications for the designation of any documents or information outside of those examples specifically identified, Defendants are concerned about the workability of such limitations. For example, Defendants expect that as part of discovery they will be producing sales or purchase records that contain information as to multiple sales and customers or suppliers in a single file, such as through an Excel file. It is difficult to partially designate such documents such as when only a limited number of lines may relate to other Defendants while the remainder of the file and lines relate to non-parties. Similarly, while one line may relate to one Defendant, it would not implicate other Defendants, and therefore it would need to remain "Highly Confidential Information – Attorneys' Eyes Only" as to those other Defendants. Defendants believe such limitations are more workable on a case-by-case and as needed basis, rather than in advance without knowledge of how or if such documents will be used in the litigation.

Plaintiff also proposed further limiting the time during which depositions would remain "Highly Confidential Information – Attorneys' Eyes Only." Defendants acknowledge Plaintiff's concern that they may be unable to use deposition testimony or information in a subsequent deposition that is scheduled close in time, but Defendants believe 24 hours is insufficient to allow for counsel to review deposition transcripts or determine whether additional information is required to be designated "Highly Confidential Information – Attorneys' Eyes Only." Defendants have therefore updated their proposal to reduce the time during which deposition testimony or transcripts are entirely designated "Highly Confidential Information – Attorneys' Eyes Only" from 15 days to 72 hours following any deposition.

Defendants continue to believe the sharing of confidential information with third parties outside of this litigation, particularly other government entities, is particularly problematic. It remains unclear what purpose such sharing would serve, particularly when the information produced by Defendants will be primarily New York-focused, and Plaintiff continues to seek the ability to share with entities outside of New York. To the extent a non-party government entity wishes to obtain documents or information from Defendants, they are free to pursue such information directly from Defendants through other means such as subpoenas, civil investigative demands, or other information gathering powers granted to them under federal or state laws and regulations. The City and State are not super-regulators empowered, in an individual civil suit, to



collect information for all other regulators regardless of whether such regulators would otherwise have access to such documents.

      While Plaintiff proposed providing notice to Defendants before sharing confidential information with governmental entities, it is unclear what that would accomplish or what would happen after Defendants would receive notice. It is uncertain if after providing notice Plaintiff could immediately share the information with the non-party, if Defendants would have opportunity to object to such sharing, or if Defendants would have to seek immediate relief and protection from this Court. This would not provide Defendants with the opportunity to object directly to such a non-party request or negotiate a limitation with that non-party as they would if the non-party made a request directly to a Defendant. Instead, it could essentially force this Court to adjudicate discovery disputes between Defendants and non-parties, i.e., whether Defendants had valid objections to non-parties requests or if such requests or production of information in response to the non-parties' requests should be limited. Defendants do not believe this is a workable proposal. It would create uncertainty over the protection provided by the confidentiality stipulation and place an unnecessary burden on the Court and Defendants. Therefore, Defendants maintain that Plaintiff should not be able to share documents and information designated as "Confidential" or "Highly Confidential Information – Attorneys' Eyes Only" with non-party governmental entities.

      We appreciate the Court's attention to this matter, and review and resolution of this dispute.

      Respectfully,

Joseph A. Smith