USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES,

                Plaintiff,

-against-

PUFF BAR, et al.,

                Defendants.

25-CV-01445 (MMG)

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

WHEREAS the State and all Defendants (collectively, the "Parties," or "Party," individually) have agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action;

IT IS HEREBY STIPULATED AND AGREED that the following provisions of this Confidentiality Order (the "Order") shall govern disclosure and use by the parties of all documents, testimony transcripts and other materials and information produced in the above-captioned case (collectively "Discovery Materials"):

1. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Confidential Information," as used herein, means any information which is designated, in good faith, as Confidential by the designating party or third party (the "Designating Party") and disclosed to the other Parties. In designating information as

Confidential, the Designating Party will make such designation only as to non-public information that contains confidential financial information, or that contains commercially, competitively, or otherwise sensitive information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Any documents, material, or information to be designated Confidential may be so designated by stamping the documents, material, or information with the legend "Confidential" prior to their production. In the case of documents or information stored electronically, a designation may be made by affixing the legend "Confidential" or "Highly Confidential Information – Attorneys' Eyes Only" on the electronically produced document. However, where it is unduly burdensome or impossible to stamp or otherwise affix a legend on certain documents, a party may furnish a separate written or electronic notice to the Receiving Party specifically identifying the documents, material or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

3. "Challenging Party" as used herein means a Party that challenges the designation of information or items under this Order.

4. "Designating Party" as used herein means a party that designates information or items that it produces in disclosure or in response to discovery as "Confidential" or "Highly Confidential Information – Attorneys' Eyes Only".

5. "Highly Confidential – Attorneys' Eyes Only" shall apply to Confidential Information that constitutes trade secrets or sensitive commercial information which if disclosed would cause substantial injury to the competitive position of the producing party. The following list represents materials that may be designated "Highly Confidential – Attorneys' Eyes Only", provided that each document meets the above definition: (i) commercial information, such as sales, purchase, or pricing data; (ii) customer lists; (iii)

supplier/vendor contracts; and (iv) product design and ingredient information not subject to public disclosure pursuant to 10 NYCRR 1006.3. Certain materials, documents, and information that do not conform to the list above also may be marked and produced as "Highly Confidential – Attorneys' Eyes Only" but must be accompanied by an explanation to the Receiving Party as to the basis of the designation, *i.e.* how that information would cause substantial injury to the competitive position of the producing party if disclosed. Moreover, a Designating Party will endeavor to limit the designation of "Highly Confidential – Attorneys' Eyes Only" materials as narrowly as possible to the information that would cause substantial injury to the competitive position of the producing party, including by redacting that information wherever possible as opposed to designating an entire document.

6. Documents labeled "Highly Confidential – Attorneys' Eyes Only" shall enjoy all the protections of "Confidential Information" but shall only be reviewed by the attorneys for the Parties in this action and may not be viewed by the Parties to this action, absent Court order or agreement by the Parties.

7. The designation of any material as "Confidential Information" shall apply with equal force to any copies, abstracts, or summaries made thereof, or excerpts taken therefrom. Any individual making such copies, abstracts, or summaries, or creating any document including excerpts taken therefrom (including, without limitation, expert reports or pleadings), shall preserve the confidentiality of the materials incorporated therein.

8. Except as provided by paragraph 9, documents or materials designated as Confidential Information or information derived therefrom whether prepared by the Designating Party or Challenging Party, may be used solely for the purposes of the above-captioned action (the "Action") and shall not be used in any other action or proceeding, or for

3

any other purpose, or disclosed in any other manner to (a) any attorney, or company, that is not a Party in the Action and (b) absent written consent by the Designating Party.

9. Confidential Information may be disclosed or made available by the Party receiving such information (the "Receiving Party") only to the following:

   a. the Court, as provided in paragraph 25, including Court personnel, jurors and/or alternates (at any trial or hearing);

   b. named Parties, or officers, directors, and employees of such Parties who are reasonably necessary to assist counsel in this case and who agree to be bound by the terms of this Confidentiality Agreement or are otherwise bound as agents of any such Party to this Action;

   c. in-house counsel for the Parties and counsel for the Parties in connection with this Action, including contract attorneys, paralegals, clerical, and secretarial staff employed by such counsel as necessary for the prosecution or defense of this Action and for preparation for trial;

   d. court reporters, videographers, and any outside duplicating or document-management company retained by any Party to this Action;

   e. persons noticed for depositions, or designated as trial witnesses or potential witnesses, and their counsel, to the extent reasonably necessary in connection with their testimony (or potential testimony) or in preparation therefor;

   f. any New York law enforcement, government or other regulatory agency, such that nothing in this Order shall otherwise limit New York's law enforcement authorities;

4

  g. any other law enforcement, government or other regulatory agency only after notification to the Designating Party, with a delay of seven calendar days following notice to allow the Designating Party to object or seek Court intervention;

  h. outside consultants or experts retained at any time by counsel in connection with this litigation as a consulting or testifying expert pursuant to Rule 26(b)(4), Fed. R. Civ. P., and who reasonably require access to the particular Confidential Information for purposes of assisting them in this Action; and

  i. any other person that the Parties agree to in writing.

10. Prior to the disclosure of any Confidential Information to any person designated in paragraph 9(e)-(h), such person must first agree to be bound by the terms of this Order by signing the Non-Disclosure Agreement in the form annexed as an Exhibit hereto, or, in the case of a deposition witness who has not previously signed the Non-Disclosure Agreement, by agreeing on the record to be bound by the terms of this Order. Counsel shall retain copies of each signed Non- Disclosure Agreement during the course of this litigation until terminated by a final non-appealable judgment or settlement.

11. If any Confidential Information is inadvertently disclosed to any person other than a person designated in paragraph 9, the Receiving Party that caused the disclosure shall (a) promptly notify the Designating Party of such disclosure, (b) use its best efforts to secure the return or destruction of all such Confidential Information (including any copies, abstracts or summaries made thereof, or excerpts taken therefrom), and (c) shall use its best efforts to obtain that person's Acknowledgment to be bound by the terms of this Order, it being

understood that the Designating Party shall retain all of its rights and remedies under this Order.

12. If a Party inadvertently fails to designate any documents or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", such failure shall not constitute a waiver of any claim of confidentiality so long as the producing Party within fifteen (15) business days of becoming aware of such failure to designate makes such a designation by notifying the Receiving Parties in writing. Upon receipt of such written notice, the Receiving Parties shall treat information contained in said documents and materials and any summaries or notes thereof as Confidential Information and shall use its best efforts to retrieve any documents and materials that were inadvertently disclosed to any individual or entity in violation of this Order, to the extent practicable.

13. If any Party wishes to use or inquire at any deposition concerning any Confidential Information or information derived therefrom, the portion of the deposition transcript and exhibits which relate to such documents, materials or information shall be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and shall be bound separately, and subject to the provisions of this Order.

14. Deposition testimony may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either (a) at the deposition, by making a statement on the record to that effect, or (b) on or before fifteen (15) business days after receipt of the transcript, by notifying all counsel to the Parties in writing of such designation. Pending the expiration of such fifteen (15) business day period with respect to any deposition transcript, all deposition testimony and transcripts shall be deemed to be "Highly Confidential – Attorneys' Eyes Only" and treated as if so designated for a period of 24 hours following the deposition,

and then as Confidential Information and treated as if so designated for the remainder of the fifteen (15) business day period.

15. Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Confidential Information so that the other Parties can ensure that only authorized individuals who have signed the "Non-Disclosure Agreement" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

16. Transcripts containing Confidential Information shall have an obvious legend on the title page that the transcript contains Confidential Information, and where only certain testimony has been designated as containing Confidential Information the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Information and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

17. Any Party who objects to any designation of confidentiality or who, by contrast requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this Action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

18. The inadvertent production of any privileged information during discovery in this Action shall be without prejudice to any claim that such material is privileged or protected

from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and no Party shall be held to have waived any rights by such inadvertent production.

19. If any document that is subject to a claim of attorney-client privilege, work-product protection, law-enforcement privilege, deliberative-process privilege, or any other applicable privilege or protection, is inadvertently produced ("Inadvertently Disclosed Information"), the Receiving Party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20. As with any information redacted or withheld, the Receiving Party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The Receiving Party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

21. The Disclosing Party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

22. Documents, materials, or information designated as Confidential shall not be disclosed (other than by the Designating Party) except in accordance with the terms of this Order.

23. Nothing herein shall impose any restrictions on the use or disclosure by a Party

of its own documents, or documents or information obtained by such Party independent of the discovery proceedings in this Action, whether or not such documents, material, or information are also obtained through discovery proceedings in this Action. The burden of demonstrating that the documents, material, or information was obtained independently of the discovery proceedings in this Action is on the Receiving Party.

24. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

25. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

26. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed.

27. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

Dated: 10/20/2025

_____
MARGARET M. GARNETT
United States District Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on [date] in the case of The People of the State of New York by Leticia James v. Puff Bar et al, Case No. 25-CV-01445 and in the case of City of New York v Puff Bar et al., Case No. 25-CV-02850. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
    [printed name]

Signature: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>PUFF BAR, et al.,<br><br>　　　　　　　　　　Defendants. | 25-CV-01445 (MMG)<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

　　　　I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE

Sworn to before me this \_\_\_day of _____, 20\_\_\_.

_____
　　　NOTARY PUBLIC