UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAYLEY AMIEL,

                Plaintiff,

          -against-

EVO BRANDS, LLC and PVG2, LLC,

                Defendants.

**ORDER**

24-CV-07327 (PMH)

PHILIP M. HALPERN, United States District Judge:

Hayley Amiel ("Plaintiff") commenced this action by filing a putative class-action complaint against Defendants EVO Brands, LLC and PVG2, LLC ("Defendants") on September 27, 2024. (Doc. 1). Defendants were served on October 10, 2024 (Docs. 7, 8), but failed to answer or otherwise respond to the Complaint. The Court, in light of Defendants' failure to participate in the action, issued an Order directing Plaintiff to seek entry of a default judgment in accordance with Rule 4(B) of the Court's Individual Practices. (Doc. 13). Plaintiff obtained a Clerk's Certificate of Default against Defendants on April 1, 2025. (Doc. 18).

On May 16, 2025, the Court signed an Order to Show Cause as to why class certification pursuant to Rule 23 and entry of default judgment on liability only should not be entered against Defendants (Doc. 40). On November 4, 2025, following appearance by counsel for Defendants, the filing of opposition papers, and additional supplemental briefing by both parties (Docs. 49, 50, 54, 58), a default judgment was entered against Defendants on liability only (Doc. 61). The Court, in the same Order: i) denied certification of classes of consumers who purchased Defendants' products during the relevant time period; and ii) declined to afford any relief to Defendants under Rule 55(c) of the Federal Rules of Civil Procedure, finding that the default by Defendants was willful. (*Id.*). On November 7, 2025, Judgment was entered, including judgment on the following

claims: Count 1/Count 2 – Violations of the New York General Business Law §§ 349, 350; Count 3 – Violations of New Jersey's consumer protection statute (N.J. Stat. Ann. § 56:8-2 *et seq.*); and Count 4 – Breach of Implied Warranty of Merchantability, as to Plaintiff's purchases of Defendants' products in New Jersey only. (Doc. 63).

At a telephonic pre-inquest conference on November 25, 2025, the Court scheduled an inquest on damages to be held on February 2, 2026 at 11:00 a.m. (Doc. 71). On January 26, 2026, and in advance of the inquest, Plaintiff filed a damages assessment supported by the following documents: (1) the Affidavit of Plaintiff ("Plaintiff's Affidavit") (Doc. 74-1, "Pl. Aff."); (2) exhibits attached to Plaintiff's Affidavit, including a "Spreadsheet of Purchases," and "Credit and Debit Card Statements" (Docs. 74-2, 74-3); (3) the Declaration of Kim E. Richman ("Richman Declaration") (Doc. 74-4); (4) exhibits attached to the Richman Declaration, including a spreadsheet of attorney time entries and expenses (Doc. 74-5); and (5) a "Memorandum of Law Regarding Inquest on Damages" (Doc. 74, "Pl. Br."). Defendants submitted materials in opposition to Plaintiff's assessment, including the following documents: (1) the Affidavit of Defendants' co-CEOs Nicholas Minas Alfaro and Patrick Beltran ("CEOs' Affidavit") (Doc. 70); (2) a "Memorandum of Law in Opposition to Plaintiff's Damages Claims and in Support of Limiting any Reward" (Doc. 69); and (3) a number of exhibits concerning the branding and packaging materials of Defendants' products, general policy reports on e-cigarettes, and an apparent November 2021 amicus brief filed in a case in the Fifth Circuit (Docs. 76-1 through 76-12). Plaintiff, in her memorandum of law, requested $96,976 in statutory damages and $262,103.43 in attorney's fees and costs.[1] (Pl. Br. at 1-4).

---

[1] Plaintiff did not seek an award of prejudgment interest. (Pl. Br. at 1-4).

The Court held an inquest on damages on February 2, 2026, during which the Court reviewed all of the foregoing materials, heard cross-examination of the Plaintiff by Defendants' counsel and brief oral argument from counsel for the respective parties. (February 2, 2026 Minute Entry).

For the reasons set forth on the record and below, the Court grants Plaintiff statutory damages in the amount of $96,800. The Court also finds Plaintiff entitled to reasonable attorney's fees in the amount of $32,266.67 and costs in the amount of $405.

## STANDARD OF REVIEW

Upon entry of a default judgment, a Court must "accept as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "On an inquest for damages following a default, plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with reasonable certainty." *RGI Brands LLC v. Cognac Brisset–Aurige, S.a.r.l.,* No. 12-CV-01369, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (collecting cases), *adopted by,* 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). Thus, in calculating damages during an inquest, a two-step process must be followed: (1) "determining the proper rule for calculating damages on [each] claim"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *See Norcia v. Dieber's Castle Tavern, Ltd.*, 980 F. Supp. 2d 492, 500 (S.D.N.Y. 2013) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.1999)).

## ANALYSIS

I. Damages

Plaintiff requests damages associated with the following claims: Count 1 and Count 2 – Violations of GBL §§ 349, 350: $96,800; Count 3 – Violations of N.J. Stat. Ann. § 56:8-2 *et seq.*:

$132; and Count 4 – Breach of Implied Warranty of Merchantability: $44. Each claim will be analyzed *seriatim*.

    a.   Counts 1 and 2: GBL §§ 349 and 350

Plaintiff, under GBL § 349, may recover "actual damages or fifty dollars, whichever is greater." GBL § 349(h). Similarly, under GBL § 350, Plaintiff may also recover "actual damages or five hundred dollars, whichever is greater." GBL § 350-e(3). Accordingly, Plaintiff may be entitled to $550 for every GBL violation, or in other words, $550 per purchase of Defendants' product. *See Kurtz v. Costco Wholesale Corp.*, 818 Fed. App'x 57, 60 (2d Cir. 2020) (noting no abuse of discretion, where, among other things, the District Court relied upon "statutory damages of $50 per purchase" as provided for under GBL § 349 in analyzing a potential conflict of interest under Rule 23(a)(4)); *Bardsley v. Nonni's Foods LLC*, No. 20-CV-02979, 2023 WL 3570550, at *5 (S.D.N.Y. May 18, 2023) (identifying that "[l]ike other courts in this District, the Court may estimate that the total available damages under GBL §§ 349(h) and 350-e(3) is equal to the number of total boxes sold multiplied by the statutory damages: 16,434 boxes multiplied by $550"); *Koch v. Greenberg*, 14 F. Supp. 3d 247, 262 (S.D.N.Y. 2014); *see also Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1040-41 (9th Cir. 2024) (affirming the district court's ruling that "statutory damages under §§ 349 and 350 should be calculated on a per-violation basis.").

Plaintiff requests $96,800 in statutory damages, based on 176 purchases of Defendants' products during the relevant time period (176 purchases of Defendants' products multiplied by $550). (Pl. Aff. at 2-3; Docs. 74-2 and 74-3). Plaintiff claims that these 176 purchases amounted to an actual spending of "a minimum . . . [of] $3,015.60" on Defendants' products in New York. Further, she claims that no individual purchase of one of Defendants' products was greater than $50. (Pl. Br. at 2). Thus Plaintiff seeks the statutory maximum as opposed to "actual damages."

*See* GBL § 349(h); GBL § 350-e(3). Plaintiff, in support of her damages claim, relies upon her affidavit (Doc. 74-1), a spreadsheet summarizing her purchases in New York (Doc. 74-2), and debit and credit card statements supporting these purchases (Doc. 74-3). Plaintiff also testified at the inquest hearing on February 2, 2026, where she was cross examined by Defendants' counsel.

Plaintiff testified that the actual receipts for many of her purchases were unavailable because they were contained in an email account that she was locked out of. Upon review of the evidence provided by Plaintiff as to the above claims, including the submitted documentary evidence and Plaintiff's testimony, the Court finds that Plaintiff has established her requested damages with "reasonable certainty." *See RGI Brands LLC*, 2013 WL 1668206, at *6. Plaintiff admittedly does not provide itemized receipts to support her requested damages. (Pl. Aff. at 11). The Court, however, acknowledges Plaintiff's submission of documentary evidence in the form of debit and credit card statements supporting her damages calculation (s*ee* Doc. 74-3), as well as her testimony during the inquest hearing, all of which the Court finds to be credible. Additionally, while Defendants were entitled to participate in the inquest on damages, *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), and in fact did so, their proof in large part pertained to matters of liability, not damages. Thus, the Court rejects any of Defendants' liability arguments in their entirety. (*See, generally*, Def. Br.; CEOs' Affidavit). The Court notes again that Defendants have willfully remained on the sidelines throughout the pendency of this litigation and had plenty of opportunities to make such liability arguments prior to the entry of the default judgment.

Therefore, and notwithstanding the hearsay nature of the debit and credit card statements, as it appears that such documents are business records of Plaintiff's banks and/or credit card companies, the Court accepts as true Plaintiff's allegation that she purchased, at a minimum, 176

of Defendants' products. (*See* Pl. Br. at 2, Pl. Aff. at 2-3, Doc. 74-2, Doc. 74-3). As Plaintiff has also sufficiently shown that any actual damages incurred would be less than the statutory maximums, Plaintiff is therefore entitled to $550 per violation. *Bardsley*, 2023 WL 3570550, at *5.

Accordingly, the Court awards Plaintiff a combined $96,800 in statutory damages on her first and second claims for relief.

b.  Counts 3 and 4: N.J. Stat. Ann. § 56:8-2 *et seq.* and Breach of Implied Warranty

Under N.J. Stat. Ann. § 56:-2 *et seq.*, a plaintiff may recover "threefold the damages sustained by any person in interest," for violations of New Jersey's consumer protection statute. N.J. Stat. Ann. § 56:8-19. As to Plaintiff's New Jersey breach of implied warranty of merchantability claim, however, "the measure of damages for breach of warranty is the difference . . . between the value of the goods accepted and the value they would have been if they had been as warranted." N.J. Stat. Ann. § 12A:2-714; *Eubanks v. Ridgeline Motors LLC*, No. 21-20129, 2022 WL 3586384, at *6 (D.N.J. Aug. 22, 2022). A "plaintiff is entitled to all of the damages that can be proved by competent, relevant evidence," *Romero v. Gold Star Dist., LLC*, 468 N.J. Super. 274, 302 (N.J. Super. Ct. App. Div. 2021), and "[w]hile a plaintiff need not prove damages with exact accuracy, she must 'prove damages with such certainty as the nature of the case may permit, laying a foundation which will enable the trier of facts to make a fair and reasonable estimate.'" *Eubanks*, 2022 WL 3586384, at *5.

Plaintiff requests $144 in statutory damages, based on her payment of "approximately $22 each" for two of Defendants' products in "New Jersey . . . during the summer of 2020," and specifically, at the "Wildwood Boardwalk in Wildwood, NJ 08260." (Pl. Aff. at 2-3; Pl. Br. at 3). Plaintiff also requests $44 in damages as to her breach of implied warranty claim, relying upon the

6

same two purchases. (*Id.*). Plaintiff provides no evidence of these purchases, aside from her testimony at the inquest and the information contained within Plaintiff's Affidavit. (*See* Pl. Aff.).

Upon review of the evidence provided by Plaintiff as to the above two claims, which does not include any supporting documentary evidence, the Court determines that Plaintiff has neither sufficiently put forth "competent, relevant evidence," nor established her requested damages with "reasonable certainty." *See RGI Brands LLC*, 2013 WL 1668206, at \*6; *Romero*, 468 N.J. Super. at 302. Accordingly, the Court declines to award Plaintiff any damages as to her third or fourth claims for relief.

II.   Costs and Reasonable Attorney's Fees

Plaintiff's counsel, through the Richman Declaration, requests to be reimbursed for $1,213.43 in costs/disbursements and $260,890 in attorney's fees. (Doc. 74-4 at 2).

a.   Costs

As an initial matter, the Court finds that Plaintiff has failed to support a majority of her itemized requested expenses (*e.g.*, "Fedex," "Staples," and "Veritext Record") with sufficient evidence to show with "reasonable certainty" what they were incurred for. (Doc. 74-5 at 58). Plaintiff failed to substantiate these requested amounts with documentary evidence such as invoices, receipts, proof of payment, or any other proof. *See Douyon v. NY Medical Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014). The one item that has been sufficiently established is the $405 spent on filing the Complaint in this action which the Court acknowledges and accepts. (*See* Doc. 1 (including docket text acknowledging receipt of the filing fee of $405.00)). Accordingly, the Court grants the request to reimburse Plaintiff for the $405 filing fee but otherwise denies Plaintiff's application for costs.

7

b. Attorney's Fees

Plaintiff is entitled to an award of attorney's fees under GBL §§ 349 and 350 as a "prevailing plaintiff." GBL § 349(h); GBL § 350-e. It is well-settled that "[t]he party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable, and must provide a court with sufficient information to assess the fee application." *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23-CV-05262, 2024 WL 3409278, at *4 (S.D.N.Y. July 15, 2024). Further, the reasonableness of attorneys' fees must be evaluated by "adequate documentation supporting the requested attorneys' fees and costs," which may include "contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done." *Maria v. Rogue Tomate Chelsea LLC*, No. 18-CV-09826, 2021 WL 734958, at *2 (S.D.N.Y. Feb. 25, 2021) (citing *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020)).

Here, Plaintiff provides over fifty pages of what appear to be time records of various individuals, including but not limited to, Kim Richman, Jennifer Church, Siobhan Donohue, Emalie Herberger, Renee Wicklund, Shannon Zience, Livesy Abar, and Leslie Zellers. (Doc. 74-5 at 2 through 56). The Court acknowledges Kim Richman and Leslie Zellers, who have filed notices of appearances and appeared in this case on Plaintiff's behalf. (Doc. 1; Doc. 73). Plaintiff fails, however, to identify who any of the other individuals are, what their levels of experience are, or even whether these individuals are attorneys or serve in administrative roles or otherwise. (*Id.*; *see also* Doc. 74-4 at 2 ("[t]he time submitted here reflects my time, as well as the time of other attorneys, paralegals, and litigation support personnel")). Additionally, Plaintiff also fails to provide the requisite "sufficient information," to allow the Court to determine the reasonableness both of the requested hours (approximately 387.76 total hours), and the hourly rates (ranging from

8

$125 per hour to $925 per hour). (*See, e.g.*, Doc. 74-4; *see also* Doc. 74-5). In fact, Plaintiff's only support for her application is through the conclusory statement in the Richman Declaration that "[a]ll of the time and charges which have been expended on behalf of Plaintiff are fair, necessary, and reasonable." (Doc. 74-4 at 2). Plaintiff fails to support this statement with any citation to case law or any comparison of the hourly rates of individuals with similar levels of experience or the reasonable time expended for cases of similar complexity in the Southern District of New York. (*Id.*; *see also* Pl. Br. at 3-4). Accordingly, Plaintiff has failed to carry her burden and "provide [the] court with sufficient information to assess the fee application" and award the *Lodestar* amount requested. *Zero Carbon Holdings, LLC*, 2024 WL 3409278, at *4.

The Court acknowledges, however, that the supporting information provided by Plaintiff evidences an enormous amount of work done, and ultimately resulted in a favorable outcome for Plaintiff individually, despite the Court's denial of the certification of class action. The Court also requested and is in receipt of the engagement letter between Plaintiff and Plaintiff's counsel (the "Retainer Letter"). (Doc. 78). The Retainer Letter describes what the Court interprets as a quasi-contingency agreement, which states that Plaintiff's counsel: "will be compensated only if [they] are successful in achieving a recovery for [Plaintiff] and/or the class that [Plaintiff] represent[s]"; will "seek relief before the Court to achieve such compensation as [they] see fit"; and "will apply to the Court for approval of an award of attorneys' fees based consistent with applicable law governing fee awards." (*Id.*). Although no class was certified, the "fee award under [GBL] § 349 is [nevertheless] left to the discretion of the trial court in all circumstances," *see Koch v. Greenberg*, 14 F. Supp. 3d 247, 280-81 (S.D.N.Y. 2014); *see also Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 54 (2d Cir. 1992), and the Court is inclined to grant a limited award to Plaintiff as the "prevailing" party. Specifically, the Court awards a proportion of the total recovery

in accordance with the quasi-contingency agreement. *Riordan*, 977 F.2d 47 at 54 (2d Cir. 1992) (confirming the district court's award of attorney's fees under GBL § 349 where the court "merely exercised its discretion with respect to one factor considered in arriving at an appropriate fee award: the result obtained," and holding that such a limitation "based on total recovery" was not unreasonable). The predominant view in the Second Circuit is that a one-third contingency fee is generally presumptively reasonable. *See Hernandez v. Diner*, No. 20-CV-04741, 2022 WL 1214711, at *1 (S.D.N.Y. Apr. 25, 2022). Accordingly, upon review of the evidence provided, including the Retainer Letter, and acknowledging the procedural history at hand, the Court limits the attorney's fee award to one-third of the total statutory damages recovery of $96,800, in the amount of $32,266.67.

## CONCLUSION

For the foregoing reasons, and the reasons set forth on the record during the February 2, 2026 inquest on damages, judgment shall be entered in Plaintiff's favor against Defendants in the amount of $96,800 in statutory damages, $32,266.67 in reasonable attorney's fees, and $405 in costs and disbursements. Plaintiff shall submit a judgment within five (5) days from the date hereof.

**SO ORDERED:**

Dated: White Plains, New York
      February 4, 2026

_____
Philip M. Halpern
United States District Judge

10