

ATLANTA | CHICAGO | CINCINNATI | CLEVELAND
COLUMBUS | DAYTON | LOS ANGELES | MINNEAPOLIS
NEW YORK | SILICON VALLEY | WASHINGTON, D.C.

June 30, 2026

*Via ECF*

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     Re:     *State of New York v. Puff Bar, et al., No. 25-cv-1445-MMG*
               (Related Case: State of New York v. Puff Bar, et al., No. 25-cv-1445-MMG)
               Letter Motion to Compel Discovery Responses and Initial Disclosures

Dear Judge Garnett:

       Pursuant to Rule II(A)(6) of Your Honor's Individual Rules & Practices and Local Civil Rule 37.2, the undersigned counsel respectfully submit, on behalf of our clients Magellan Technology, Inc., Ecto World, LLC d/b/a Demand Vape, Midwest Goods, Inc. d/b/a Midwest Distribution Illinois, 10 Days, Inc. d/b/a Pod Juice, Safa Goods LLC, and SV3 LLC, (collectively, "Defendants"), and on behalf of all Defendants, this letter motion to respectfully request an order compelling Plaintiff State of New York ("Plaintiff") to comply with its initial disclosure and other discovery obligations regarding the monetary damages and other remedies Plaintiff seeks.

       As explained herein, despite filing its complaint over 16 months ago, Plaintiff has to date failed to disclose to Defendants (i) the amount of Plaintiff's claimed damages for its gross negligence claim; (ii) the amounts Plaintiff claims should be disgorged by each Defendant as restitution pursuant to its "persistent fraud" claims under N.Y. Executive Law § 63(12); or (iii) the amount Plaintiff claims is necessary to abate the public nuisance to which it alleges Defendants contributed. In addition to Plaintiff's initial disclosure obligations, Defendants have sought this information through requests for production of documents, interrogatories, and requests for supplemental initial disclosures, but Plaintiff has objected to the requests.[1] As a result, with Plaintiff aggressively pressing to close fact discovery as soon as possible, Defendants find themselves forced to defend against uncertain, but likely substantial, requests for monetary and other relief without basic information about the quantum of the monetary damages and other relief Plaintiff seeks, the bases for Plaintiff's calculations as to that relief, or the documents and information supporting those calculations.

       Starting on June 4, 2026, Defendants requested that Plaintiff provide supplemental initial disclosures related to "a computation of each category of damages claimed" and to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered and produce all documents."[2] Defendants subsequently highlighted by email several of the relevant requests for production for which Defendants had received deficient responses. *See*

---

[1] A list of the specific interrogatories and requests for production at issue is attached as Exhibit A.
[2] A true copy of the parties' email chain is attached as Exhibit B.

THOMPSON HINE LLP
ATTORNEYS AT LAW

1919 M Street, N.W., Suite 700
Washington, D.C. 20036

www.ThompsonHine.com
O: 202.331.8800
F: 202.331.8330



Hon. Margaret M. Garnett
June 30, 2026
Page 2

Exhibit B. The parties met and conferred at 10:00 a.m. on June 16, 2026, to discuss these deficiencies. The conference included counsel for all parties, lasted for just under an hour, and was attended by counsel for each Party, with the discussion led by Eric Heyer on behalf of Defendants and Joy Mele and Colleen Faherty on behalf of Plaintiff. The conference included discussion of the requests for production and interrogatories listed in Exhibit A. During the discussion, Defendants emphasized that they did not believe that Plaintiff's claimed damages for their gross negligence claim, persistent fraud theory under Executive Law § 63(12), or abatement fund calculation should turn on any remaining discovery that Defendants still owed Plaintiff and had not yet produced. Plaintiff committed to further evaluate Defendants' concerns and, in follow-up emails on June 16 and 18, 2026, stated that it would provide "additional insights" and "additional information" regarding Plaintiff's gross negligence and Executive Law claims. *See* Exhibit B. However, another 12 days have now elapsed and no further information has been forthcoming from Plaintiff.

**Background**: On October 27, 2025, Defendants served their First Set of Interrogatories and Requests for Production seeking, in pertinent part, information and documents relating to Plaintiff's alleged injuries and their claimed monetary relief. Plaintiff lodged a litany of boilerplate objections asserting numerous privileges and doctrines; stated the requested information was already in Defendants' custody, possession, or control; was equally available from another source; and was publicly available. Subject to those objections, Plaintiff represented that it would produce responsive documents and, in response to Defendants' damages interrogatories, incorporated its initial disclosures and any amendments thereto. However, Plaintiff's initial disclosures and document production do not identify the amounts of damages, restitution, disgorgement, or other relief Plaintiff seeks nor any evidence, methodology, calculations, or documents supporting those amounts.

Plaintiff served its Initial Disclosures on October 24, 2025, and its First Supplement to Its Initial Disclosures on March 3, 2026.[3] Plaintiff failed to provide to Defendants, as required under the Federal Rules of Civil Procedure, "a computation of each category of damages claimed" or "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

**Argument**: "Parties may obtain discovery regarding any nonprivileged matter . . . relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party objecting to discovery requests or disclosure by asserting a claim of privilege must identify the nature of the privilege and for documents: "(i) the type of document, e.g., letter, email, or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other." L.R. 26.2(a)(2)(A). "General boilerplate objections are inappropriate and unpersuasive . . . [and a] party may not simply refuse to answer." *Garcia v. Padin Day Interior Grp., LLC*, No. 22-cv-4356, 2026 U.S. Dist. LEXIS 118305, *14 (E.D.N.Y. May 28, 2026).

Defendants are being prejudiced by Plaintiff's refusal to timely provide *any* substantive information regarding its alleged injuries and the remedies it seeks. Defendants are entitled to a computation of damages,

---

[3] A true copy of Plaintiff's Supplemental Initial Disclosures is attached as Exhibit C.



Hon. Margaret M. Garnett
June 30, 2026
Page 3

copies of documents on which Plaintiff's computation is based, and Plaintiff's theory of damages. *Antolini v. McCloskey*, 335 F.R.D. 361, 364 (S.D.N.Y. 2020). Without this information, Defendants cannot adequately conduct fact discovery to defend against Plaintiff's claims, test Plaintiff's damages theory, evaluate the factual and legal bases for any claimed causal connection between Defendants' alleged conduct and Plaintiff's alleged harm, prepare for depositions, or assess potential expert issues.

Plaintiff's Seventh Cause of Action against all Defendants is gross negligence. *See* ECF No. 1, ¶¶ 573-78. To prevail on that claim, Plaintiff must establish, among other elements, an injury caused by Defendants' alleged breach of duty. *Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 601 (S.D.N.Y. 2017). However, Plaintiff has thus far failed to provide any evidence of its claimed "direct and consequential economic injuries" or specified the monetary damages it claims will remedy those injuries.

Likewise, under its N.Y. Executive Law § 63(12) claim, Plaintiff seeks monetary relief from Defendants, including compensatory damages, civil penalties, and disgorgement of all revenues it alleges were "wrongfully obtained." ECF No. 1, at pp. 190-91. Yet, once again, Plaintiff has not specified the amount of its claimed damages, stated the amount of civil penalties or disgorgement it seeks, or produced any evidence of the alleged damages for even a single defendant.

Plaintiff also seeks an order directing Defendants to endow an abatement fund with sufficient capital to eliminate the alleged public nuisance for which Plaintiff claims they are responsible. ECF No. 1 at p. 191. However, Plaintiff has neither detailed the nature of the nuisance to be abated nor stated the monetary amount it contends is necessary to fund any such abatement remedy, the methodology or assumptions underlying that amount,  the basis for its calculation, or the basis for allocating any such amount among Defendants. Plaintiff has also not provided evidence of the supposed harm it claims Defendants alleged public nuisance has caused. This basic information should have been known to Plaintiff before it even filed its complaint.

Plaintiff has the burden of proving that it sustained an injury caused by Defendants' alleged conduct and of establishing the damages and other monetary relief it seeks. *Great Lakes Bus. Trust v. M/T Orange Sun*, 855 F. Supp. 2d 131, 149 (S.D.N.Y. 2012). Without clarity on the amount of monetary relief Plaintiff is seeking, and the documents or evidentiary material upon which each computation is based, "both the Court and Defendant cannot know what information Plaintiff needs from Defendant to accurately compute damages or why." *Nielsen Co. United States, LLC v. Tvsquared Ltd.*, No. 23-CV-01581, 2023 U.S. Dist. LEXIS 218437, at *3 (S.D.N.Y. Nov. 29, 2023).

**Conclusion**: Plaintiff bears the burden of establishing its alleged injuries and damages and other requested monetary relief; Plaintiff must disclose to Defendants its calculations, methodologies, and supporting evidence through meaningful responses to Defendants' discovery requests or via Plaintiff's initial disclosures. Plaintiff has failed to timely provide this information through either method, prejudicing Defendants' discovery efforts and their ability to adequately defend themselves. Defendants respectfully request an order: (1) overruling Plaintiff's objections to the Defendants' requests; and (2) compelling Plaintiff to (a) produce within two weeks to all Defendants all outstanding discovery responsive to the Defendants' requests and (b) serve updated supplemental initial disclosures on all Defendants.



Hon. Margaret M. Garnett
June 30, 2026
Page 4

Respectfully submitted,

*/s/ Eric N. Heyer*
Eric N. Heyer
Joseph A. Smith
James C. Fraser
Anna M. Stressenger
Ryan D. Callinan
Irvin Hernandez
Lauren K. Ierardi
THOMPSON HINE LLP
1919 M Street, NW, Suite 700
Washington, DC 20036
T: 202-331-8800
F: 202-331-8330
eric.heyer@thompsonhine.com
joe.smith@thompsonhine.com
james.fraser@thompsonhine.com
anna.stressenger@thompsonhine.com
ryan.callinan@thompsonhine.com
irvin.hernandez@thompsonhine.com
lauren.ierardi@thompsonhine.com

*Counsel for Ecto World LLC d/b/a Demand Vape, Magellan Technology, Inc., Midwest Goods, Inc. d/b/a Midwest Distribution Illinois, 10 Days, Inc. d/b/a Pod Juice, Safa Goods LLC, and SV3 LLC.*

# EXHIBIT A

Exhibit A

| Request No. | Defendant's Request for Production | Defendant Asking Request: |
|---|---|---|
| 11 | All documents supporting or relating to the allegations in Paragraphs 499-526, that "Defendants' Flavored Vapor Products have harmed New York and will continue to do so if Unabated," to the extent such allegations are asserted specifically against [Defendant], including documents concerning the existence, scope, causation, alleged injuries, abatement, or any contention that such harms will continue absent abatement as to [Defendant]. | 10 Days, Inc. d/b/a Pod Juice<br>Ecto World, LLC d/b/a Demand Vape<br>Magellan Technology, Inc.<br>Midwest Goods, Inc. d/b/a Midwest Distribution Illinois<br>Safa Goods LLC<br>SV3, LLC d/b/a Mi-One Brands |
| 12 | All documents supporting or relating to the allegations in Paragraphs 499–526 of the Complaint that "Defendants' Flavored Vapor Products have harmed New York and will continue to do so if Unabated," including documents concerning any theory that [Defendant] whether individually or acting jointly, collectively, or in concert with others, created, contributed to, or maintained the alleged harms; the existence, scope, causation, alleged injuries, and abatement; and any contention that such harms will continue absent abatement. | 10 Days, Inc. d/b/a Pod Juice<br>Ecto World, LLC d/b/a Demand Vape<br>Magellan Technology, Inc.<br>Midwest Goods, Inc. d/b/a Midwest Distribution Illinois<br>Safa Goods LLC<br>SV3, LLC d/b/a Mi-One Brands |
| 16 | All documents relating to amounts the State has spent or expects will be required to be spent to counteract or abate the alleged nuisance in this matter including, but not limited to, the "abatement fund" referenced in Paragraph 4 of the Prayer for Relief. This Request includes the following components:<br>(a) [Defendant]-specific: All documents concerning the portion of such amounts the State contends are attributable to, caused by, or recoverable from [Defendant], including any allocation, apportionment, contribution, or joint-and-several analyses.<br>(b) All defendants (jointly/in concert): All documents concerning amounts the State attributes to all defendants jointly, collectively, or in concert, or to the alleged nuisance as a whole without allocation to any particular defendant, including any budgets, appropriations, estimates, | 10 Days, Inc. d/b/a Pod Juice<br>Ecto World, LLC d/b/a Demand Vape<br>Magellan Technology, Inc.<br>Midwest Goods, Inc. d/b/a Midwest Distribution Illinois<br>Safa Goods LLC<br>SV3, LLC d/b/a Mi-One Brands |

Exhibit A

| | | |
|---|---|---|
| | models, projections, or plans for any abatement fund or program. | |
| 18 | All documents supporting or relating to any damages that the State seeks, including but not limited to any amounts the State has spent or expects will be required to be spent to counteract or abate the alleged nuisance in this matter including any allocation, apportionment, contribution, or joint-and several analyses specific to [Defendant]. | 10 Days, Inc. d/b/a Pod Juice<br>Ecto World, LLC d/b/a Demand Vape<br>Magellan Technology, Inc.<br>Midwest Goods, Inc. d/b/a Midwest Distribution Illinois<br>Safa Goods LLC<br>SV3, LLC d/b/a Mi-One Brands |
| 19 | All documents supporting or relating to any fines or penalties that the State seeks as against [Defendant]. | 10 Days, Inc. d/b/a Pod Juice<br>Ecto World, LLC d/b/a Demand Vape<br>Magellan Technology, Inc.<br>Midwest Goods, Inc. d/b/a Midwest Distribution Illinois<br>Safa Goods LLC<br>SV3, LLC d/b/a Mi-One Brands |

| Interrogatory No. | Interrogatory | Defendant Asking Interrogatory: |
|---|---|---|
| 2 | State each category of damages that You seek in this Action, including without limitation the "abatement fund" referenced in Paragraph 4 of the Prayer for Relief, and for each category state the total dollar amount sought, explain how that amount was calculated (including the components or cost items included, the methodology used, the factual basis for the calculation, and the time period covered), and state the dollar amount You contend is attributable to [Defendant] together with the basis for that attribution. | 10 Days, Inc. d/b/a Pod Juice<br>Ecto World, LLC d/b/a Demand Vape<br>Magellan Technology, Inc.<br>Midwest Goods, Inc. d/b/a Midwest Distribution Illinois<br>Safa Goods LLC<br>SV3, LLC d/b/a Mi-One Brands |
| 3 | State each category of fines or penalties that You seek in this Action, and for each category state the total dollar amount sought, identify the statutory basis, explain how the amount was calculated (including the formula or method of calculation, the factual basis for the calculation, and the applicable time period), and state the | 10 Days, Inc. d/b/a Pod Juice<br>Ecto World, LLC d/b/a Demand Vape<br>Magellan Technology, Inc. |

Exhibit A

|   | dollar amount You contend is attributable to [Defendant] together with the basis for that attribution. | Midwest Goods, Inc. d/b/a Midwest Distribution Illinois<br>Safa Goods LLC<br>SV3, LLC d/b/a Mi-One Brands |
|---|---|---|
| 4 | State each category of disgorgement of revenues attributable to [Defendant] that You seek in this Action, and for each category state the total disgorgement amount sought, identify the statutory basis, explain how the amount was calculated (including the formula or method of calculation), and the factual basis for the calculation, and the applicable time period). | 10 Days, Inc. d/b/a Pod Juice<br>Ecto World, LLC d/b/a Demand Vape<br>Magellan Technology, Inc.<br>Midwest Goods, Inc. d/b/a Midwest Distribution Illinois<br>Safa Goods LLC (No. 9)<br>SV3, LLC d/b/a Mi-One Brands |

3

# EXHIBIT B

## Stressenger, Anna

| | |
|---|---|
| **From:** | Faherty, Colleen <Colleen.Faherty@ag.ny.gov> |
| **Sent:** | Thursday, June 18, 2026 6:39 PM |
| **To:** | Heyer, Eric; Mele, Joy |
| **Cc:** | Handley, Wil; Woodin, Eve; Miller, Gena; Finkelstein, Alex; Cachola, Leslieann; Madison Kucker; Stressenger, Anna; Zoe Aron; Robert Buschel; Mark Peters; christopher.dalton@bipc.com; Bielaska MG; Allison Catherine Wong; Andrew David Bochner; Damani C. Sims; Daniel McGee; Eric P. Gotting; Ishmael A. Green; Jackson E. Brown; Jordynn Jackson; Kazim Naqvi; Lesley Allison Brovner; Michael McMullen; Serge Krimnus; Dov Seewald; Zanicorn Support; Smith, Joseph; Fraser, James; Callinan, Ryan; Hernandez, Irvin; Hallmark, Brandon; Ausbrooks, Michaela; Ierardi, Lauren |
| **Subject:** | RE: New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures |

**CAUTION EXTERNAL EMAIL**

Dear Eric,

While I've offered to provide by the end of week an update as to whether we will amend our initial disclosures, at this late hour before the holiday weekend, we don't have the capacity to get that out to you because there are certain internal questions we're running down. We're working on trying to provide you the additional information you raised as your concerns in order to give defendants better clarity, it'll just take some additional time.

Thanks for your patience.

Kindest regards,
Colleen

_____

**Colleen K. Faherty** | **Special Trial Counsel**
Executive Division – Federal Initiatives
New York State Office of the Attorney General
28 Liberty Street, 18th floor | New York, NY 10005
Tel: 212.416.6046 | Fax: 212.416.6009
Colleen.Faherty@ag.ny.gov

---

**From:** Faherty, Colleen
**Sent:** Tuesday, June 16, 2026 9:55 PM
**To:** Heyer, Eric <Eric.Heyer@thompsonhine.com>; Mele, Joy <Joy.Mele@ag.ny.gov>
**Cc:** Handley, Wil <Wil.Handley@ag.ny.gov>; Woodin, Eve <Eve.Woodin@ag.ny.gov>; Miller, Gena <Gena.Miller@ag.ny.gov>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Cachola, Leslieann <Leslieann.Cachola@ag.ny.gov>; Madison Kucker <mkucker@petersbrovner.com>; Stressenger, Anna <Anna.Stressenger@thompsonhine.com>; Zoe Aron <zoearonesq@gmail.com>; Robert Buschel <buschel@bglaw-pa.com>; Mark Peters <mpeters@petersbrovner.com>; christopher.dalton@bipc.com; Bielaska MG <mary.bielaska@zanicorn.com>; Allison Catherine Wong <acwong@sheppardmullin.com>; Andrew David Bochner <andrew@bochner.law>; Damani C. Sims <dsims@sheppardmullin.com>; Daniel McGee <daniel.mcgee@bipc.com>; Eric P. Gotting <gotting@khlaw.com>; Ishmael A. Green <igreen@bochner.law>; Jackson E. Brown <jackson.brown@bipc.com>; Jordynn Jackson <jordynn.jackson@bipc.com>; Kazim Naqvi <knaqvi@sheppardmullin.com>; Lesley Allison Brovner <LBrovner@petersbrovner.com>; Michael McMullen <michael@floridajusticefirm.com>; Serge Krimnus <serge@bochner.law>; Dov Seewald <dov@tobacco.law>; Zanicorn

Support <support@zanicorn.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Fraser, James <James.Fraser@thompsonhine.com>; Callinan, Ryan <Ryan.Callinan@thompsonhine.com>; Hernandez, Irvin <Irvin.Hernandez@thompsonhine.com>; Hallmark, Brandon <Brandon.Hallmark@thompsonhine.com>; Ausbrooks, Michaela <Michaela.Ausbrooks@thompsonhine.com>; Ierardi, Lauren <Lauren.Ierardi@thompsonhine.com>
**Subject:** RE: New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures

Dear Eric,

Thank you for taking the time to confer earlier. As promised, OAG has taken back your concerns and will attempt, by end of this week, to amend its disclosures to address some of the concerns defendants raised during our call, including your request that we provide additional insights into a "gross negligence damages" calculation, as well as provide additional information with regards to our 63(12) claims.

Kind regards,
Colleen

_____

**Colleen K. Faherty** | **Special Trial Counsel**
Executive Division – Federal Initiatives
New York State Office of the Attorney General
28 Liberty Street, 18th floor | New York, NY 10005
Tel: 212.416.6046 | Fax: 212.416.6009
Colleen.Faherty@ag.ny.gov

**From:** Heyer, Eric <Eric.Heyer@thompsonhine.com>
**Sent:** Monday, June 15, 2026 1:34 PM
**To:** Mele, Joy <Joy.Mele@ag.ny.gov>
**Cc:** Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Handley, Wil <Wil.Handley@ag.ny.gov>; Woodin, Eve <Eve.Woodin@ag.ny.gov>; Miller, Gena <Gena.Miller@ag.ny.gov>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Cachola, Leslieann <Leslieann.Cachola@ag.ny.gov>; Madison Kucker <mkucker@petersbrovner.com>; Stressenger, Anna <Anna.Stressenger@thompsonhine.com>; Zoe Aron <zoearonesq@gmail.com>; Robert Buschel <buschel@bglaw-pa.com>; Mark Peters <mpeters@petersbrovner.com>; christopher.dalton@bipc.com; Bielaska MG <mary.bielaska@zanicorn.com>; Allison Catherine Wong <acwong@sheppardmullin.com>; Andrew David Bochner <andrew@bochner.law>; Damani C. Sims <dsims@sheppardmullin.com>; Daniel McGee <daniel.mcgee@bipc.com>; Eric P. Gotting <gotting@khlaw.com>; Ishmael A. Green <igreen@bochner.law>; Jackson E. Brown <jackson.brown@bipc.com>; Jordynn Jackson <jordynn.jackson@bipc.com>; Kazim Naqvi <knaqvi@sheppardmullin.com>; Lesley Allison Brovner <LBrovner@petersbrovner.com>; Michael McMullen <michael@floridajusticefirm.com>; Serge Krimnus <serge@bochner.law>; Dov Seewald <dov@tobacco.law>; Zanicorn Support <support@zanicorn.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Fraser, James <James.Fraser@thompsonhine.com>; Callinan, Ryan <Ryan.Callinan@thompsonhine.com>; Hernandez, Irvin <Irvin.Hernandez@thompsonhine.com>; Hallmark, Brandon <Brandon.Hallmark@thompsonhine.com>; Ausbrooks, Michaela <Michaela.Ausbrooks@thompsonhine.com>; Ierardi, Lauren <Lauren.Ierardi@thompsonhine.com>
**Subject:** Re: New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures

Joy,

Let's meet tomorrow at 1:00 pm.

Eric N. Heyer
THOMPSON HINE LLP
1919 M Street N.W.

2

Suite 700
Washington, DC  20036
Ph.: 202.263.4128/ Fax: 202.331.8330
Email: eric.heyer@thompsonhine.com


Sent from my iPhone


On Jun 15, 2026, at 1:29 PM, Mele, Joy <Joy.Mele@ag.ny.gov> wrote:


**CAUTION EXTERNAL EMAIL**
Eric,

Thank you for your email. Due to the delayed response to my June 8th email that included proposed dates to meet and confer, the State is no longer available to meet on Thursday.  We can still be available to meet tomorrow, Tuesday 6/16, at 1-2 p.m.  Outside of that availability, due to various travel schedules and out of offices, we will not be next available to meet until July 1 (11 a.m – 12 p.m.) or July 2 (10:00-11:00 a.m.; 2:30 – 3:30 p.m.).

Separately, I write to correct certain inaccuracies and misunderstandings conveyed in your email.  First, the State has not asserted "abatement claims".  We have a claim (Third Cause of Action) for Defendants' roles contributing to a public nuisance, for which an abatement fund is a needed remedy.  Second, contrary to your representations in your email, the State has in fact produced documents responsive to Requests 4, 11, and 12. *See* State's First Supplemental Responses and Objections to 10 Days's First Request for Production of Documents, dated March 11, 2026.  Insofar as Request 16 sought documents properly in the custody of third parties, those will be forthcoming. The State's production of documents were subject to and without waiver of the objections, which the State continues to maintain.

Finally, the State re-asserts its position that Defendants have received timely information about its calculations for remedies, and refers Defendants to the objections asserted in response to specific requests, including the objection that specific requests are premature in that they call for expert witness disclosure or materials that are properly the subject of expert discovery (which has not yet commenced).  Accordingly, while we remain available to meet and confer on the State's supplemental initial disclosures and the requested relief of an abatement fund, the State continues to maintain that it has satisfied its Rule 26(a) and discovery obligations. Please let us know promptly whether Defendants want to meet and confer, and if so, whether they are available on the above referenced dates and times.

Joy

**Joy K. Mele | Assistant Attorney General**
Health Care Bureau
New York State Office of the Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8542
Joy.Mele@ag.ny.gov
Pronouns: She/Her

The information contained in this e-mail and any attachments to this e-mail is privileged and confidential information intended only for the use of the individuals or entities named as addressees.  If the reader of this message is not the intended recipient or the employee, agent or service-provider responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this communication in error, please immediately notify the sender by email or by telephone at (212) 416-8542.

---

**From:** Heyer, Eric <Eric.Heyer@thompsonhine.com>
**Sent:** Sunday, June 14, 2026 11:22 PM
**To:** Mele, Joy <Joy.Mele@ag.ny.gov>
**Cc:** Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Handley, Wil <Wil.Handley@ag.ny.gov>; Woodin, Eve <Eve.Woodin@ag.ny.gov>; Miller, Gena <Gena.Miller@ag.ny.gov>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Cachola, Leslieann <Leslieann.Cachola@ag.ny.gov>; Madison Kucker <mkucker@petersbrovner.com>; Stressenger, Anna <Anna.Stressenger@thompsonhine.com>; Zoe Aron <zoearonesq@gmail.com>; Robert Buschel <buschel@bglaw-pa.com>; Mark Peters <mpeters@petersbrovner.com>; christopher.dalton@bipc.com; Bielaska MG <mary.bielaska@zanicorn.com>; Allison Catherine Wong <acwong@sheppardmullin.com>; Andrew David Bochner <andrew@bochner.law>; Damani C. Sims <dsims@sheppardmullin.com>; Daniel McGee <daniel.mcgee@bipc.com>; Eric P. Gotting <gotting@khlaw.com>; Ishmael A. Green <igreen@bochner.law>; Jackson E. Brown <jackson.brown@bipc.com>; Jordynn Jackson <jordynn.jackson@bipc.com>; Kazim Naqvi <knaqvi@sheppardmullin.com>; Lesley Allison Brovner <LBrovner@petersbrovner.com>; Michael McMullen <michael@floridajusticefirm.com>; Serge Krimnus <serge@bochner.law>; Dov Seewald <dov@tobacco.law>; Zanicorn Support <support@zanicorn.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Fraser, James <James.Fraser@thompsonhine.com>; Callinan, Ryan <Ryan.Callinan@thompsonhine.com>; Hernandez, Irvin <Irvin.Hernandez@thompsonhine.com>; Hallmark, Brandon <Brandon.Hallmark@thompsonhine.com>; Ausbrooks, Michaela <Michaela.Ausbrooks@thompsonhine.com>; Ierardi, Lauren <Lauren.Ierardi@thompsonhine.com>
**Subject:** RE: New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures

Joy,

Following up on this, in addition to the initial disclosures, in their RFPs, Defendants have specifically requested "[a]ll documents supporting or relating to . . . the existence, scope, causation, alleged injuries, abatement or any theory that [defendant] created, contributed to, or maintained a public nuisance." *See, e.g.,* October 27, 2025, Defendant 10 Days Inc. D/B/A Pod Juice's First Requests for Production, Request No. 4.

Defendants in various requests for production seek documents related to the State's abatement claims. *See id.*, Requests Nos. 11 and 12. Defendants have also requested "[a]ll documents relating to amounts the State has spent or expects will be required to be spent to counteract or abate the alleged nuisance in this matter including, but not limited to, the 'abatement fund' referenced in Paragraph 4 of the Prayer for Relief . . ." *See id.*, Request No. 16.

Again, to date, no documents responsive to these requests have been produced. Let's plan to meet on Thursday, 6/18, from 2:00 – 3:00 to discuss. Please confirm that that time still works on your end.

Thank you,

**Eric N. Heyer** | **Thompson Hine LLP**
O: 202.263.4128 | M: 202.450.0867

**From:** Mele, Joy <Joy.Mele@ag.ny.gov>
**Sent:** Monday, June 8, 2026 5:54 PM
**To:** Heyer, Eric <Eric.Heyer@thompsonhine.com>
**Cc:** Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Handley, Wil <Wil.Handley@ag.ny.gov>; Woodin, Eve <Eve.Woodin@ag.ny.gov>; Miller, Gena <Gena.Miller@ag.ny.gov>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Cachola, Leslieann <Leslieann.Cachola@ag.ny.gov>; Madison Kucker <mkucker@petersbrovner.com>; Stressenger, Anna <Anna.Stressenger@thompsonhine.com>; Zoe Aron <zoearonesq@gmail.com>; Robert Buschel <buschel@bglaw-pa.com>; Mark Peters <mpeters@petersbrovner.com>; christopher.dalton@bipc.com; Bielaska MG <mary.bielaska@zanicorn.com>; Allison Catherine Wong <acwong@sheppardmullin.com>; Andrew David Bochner <andrew@bochner.law>; Damani C. Sims <dsims@sheppardmullin.com>; Daniel McGee <daniel.mcgee@bipc.com>; Eric P. Gotting <gotting@khlaw.com>; Ishmael A. Green <igreen@bochner.law>; Jackson E. Brown <jackson.brown@bipc.com>; Jordynn Jackson <jordynn.jackson@bipc.com>; Kazim Naqvi <knaqvi@sheppardmullin.com>; Lesley Allison Brovner <LBrovner@petersbrovner.com>; Michael McMullen <michael@floridajusticefirm.com>; Serge Krimnus <serge@bochner.law>; Dov Seewald <dov@tobacco.law>; Zanicorn Support <support@zanicorn.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Fraser, James <James.Fraser@thompsonhine.com>; Callinan, Ryan <Ryan.Callinan@thompsonhine.com>; Hernandez, Irvin <Irvin.Hernandez@thompsonhine.com>; Hallmark, Brandon <Brandon.Hallmark@thompsonhine.com>; Ausbrooks, Michaela <Michaela.Ausbrooks@thompsonhine.com>; Ierardi, Lauren <Lauren.Ierardi@thompsonhine.com>
**Subject:** RE: New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures

CAUTION EXTERNAL EMAIL

Eric,

We respectfully disagree with Defendants' request.  We fail to see the specific deficiencies in OAG's Supplemental Initial Disclosures, as we have appropriately provided Defendants notice of the relief the State is seeking, including an anticipated abatement remedy necessary to address the nuisance created by Defendants' conduct.

Furthermore, as you are aware, an abatement fund is equitable in nature and thus the specifics of any such calculation are not required pursuant to a "damages" calculation under Rule 26(a)(1).  *See*, *City of Huntington v AmerisourceBergen Drug Corp*., CV 3:17-01362, 2020 WL 4589716, at *3 (SDW Va Aug. 10, 2020)( "because abatement is as an equitable remedy within the court's discretion to fashion, abatement is not subject to the computation requirements of Rule 26"); *Lower Susquehanna Riverkeeper Assn. v Republic Services of Pennsylvania LLC*, 1:23-CV-00044, 2026 WL 475925, at *3 (MD Pa Feb. 19, 2026)("Reliance on [Fed. R. Civ. P. 26(a)(1)(A)(iii)] is misplaced, because the … [remedial fund] at issue is an equitable remedy, not a previously undisclosed category of damages"). Instead, as noted in our Supplemental Initial Disclosures, such discovery will be better aided after expert disclosures.  Accordingly, OAG will not be further supplementing its initial disclosures as such a request is unsupported by the case law, and the request is premature.  OAG remains available to meet and confer on the following dates and times:

> June 15th: 1:00 – 2:30 p.m.
> June 16th: 1:00 -2:00 p.m.
> June 18th: 2:00 – 3:30 p.m.

Joy

**Joy K. Mele | Assistant Attorney General**
Health Care Bureau
New York State Office of the Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8542
Joy.Mele@ag.ny.gov
Pronouns: She/Her

The information contained in this e-mail and any attachments to this e-mail is privileged and confidential information intended only for the use of the individuals or entities named as addressees.  If the reader of this message is not the intended recipient or the employee, agent or service-provider responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this communication in error, please immediately notify the sender by email or by telephone at (212) 416-8542.

**From:** Heyer, Eric <Eric.Heyer@thompsonhine.com>
**Sent:** Friday, June 5, 2026 7:14 PM
**To:** Mele, Joy <Joy.Mele@ag.ny.gov>
**Cc:** Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Handley, Wil <Wil.Handley@ag.ny.gov>; Woodin, Eve <Eve.Woodin@ag.ny.gov>; Miller, Gena <Gena.Miller@ag.ny.gov>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Cachola, Leslieann <Leslieann.Cachola@ag.ny.gov>; Madison Kucker <mkucker@petersbrovner.com>; Stressenger, Anna <Anna.Stressenger@thompsonhine.com>; Zoe Aron <zoearonesq@gmail.com>; Robert Buschel <buschel@bglaw-pa.com>; Mark Peters <mpeters@petersbrovner.com>; christopher.dalton@bipc.com; Bielaska MG <mary.bielaska@zanicorn.com>; Allison Catherine Wong <acwong@sheppardmullin.com>; Andrew David Bochner <andrew@bochner.law>; Damani C. Sims <dsims@sheppardmullin.com>; Daniel McGee <daniel.mcgee@bipc.com>; Eric P. Gotting <gotting@khlaw.com>; Ishmael A. Green <igreen@bochner.law>; Jackson E. Brown <jackson.brown@bipc.com>; Jordynn Jackson <jordynn.jackson@bipc.com>; Kazim Naqvi <knaqvi@sheppardmullin.com>; Lesley Allison Brovner <LBrovner@petersbrovner.com>; Michael McMullen <michael@floridajusticefirm.com>; Serge Krimnus <serge@bochner.law>; Dov Seewald <dov@tobacco.law>; Zanicorn Support <support@zanicorn.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Fraser, James <James.Fraser@thompsonhine.com>; Callinan, Ryan <Ryan.Callinan@thompsonhine.com>; Hernandez, Irvin <Irvin.Hernandez@thompsonhine.com>; Hallmark, Brandon <Brandon.Hallmark@thompsonhine.com>; Ausbrooks, Michaela <Michaela.Ausbrooks@thompsonhine.com>; Ierardi, Lauren <Lauren.Ierardi@thompsonhine.com>
**Subject:** Re: New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures

Then please provide a date by when you will supplement.  Ten days to confer on something that is already months overdue is not reasonable and is prejudicial to our fact discovery efforts. In the parallel case, the City has already agreed to supplement by next Friday.  If you don't provide a date or agree to an earlier meet and confer by COB Monday, we intend to raise this with the Court.

Eric N. Heyer
THOMPSON HINE LLP
1919 M Street N.W.
Suite 700

Washington, DC  20036
Ph.: 202.263.4128/ Fax: 202.331.8330
Email: eric.heyer@thompsonhine.com

Sent from my iPhone


On Jun 5, 2026, at 7:04 PM, Mele, Joy <Joy.Mele@ag.ny.gov> wrote:


CAUTION EXTERNAL EMAIL
Eric,

As you are well aware, the parties have been focusing on search terms/queries so that we can receive Defendants' outstanding productions as soon as possible. While June 29th is the deadline for Defendants to produce all documents responsive to the State's First RFPs, the fact discovery deadline is August 28th (a date Defendants requested and the State did not oppose). The State will not be rushed to meet Defendants' artificially imposed deadline to confer on the State's Supplemental Initial Disclosures which were served on March 3, 2026.

Joy


**Joy K. Mele | Assistant Attorney General**
Health Care Bureau
New York State Office of the Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8542
Joy.Mele@ag.ny.gov
Pronouns: She/Her

The information contained in this e-mail and any attachments to this e-mail is privileged and confidential information intended only for the use of the individuals or entities named as addressees.  If the reader of this message is not the intended recipient or the employee, agent or service-provider responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this communication in error, please immediately notify the sender by email or by telephone at (212) 416-8542.

**From:** Heyer, Eric <Eric.Heyer@thompsonhine.com>
**Sent:** Friday, June 5, 2026 6:03 PM
**To:** Mele, Joy <Joy.Mele@ag.ny.gov>; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Handley, Wil <Wil.Handley@ag.ny.gov>; Woodin, Eve <Eve.Woodin@ag.ny.gov>; Miller, Gena <Gena.Miller@ag.ny.gov>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Cachola, Leslieann <Leslieann.Cachola@ag.ny.gov>
**Cc:** Madison Kucker <mkucker@petersbrovner.com>; Stressenger, Anna <Anna.Stressenger@thompsonhine.com>; Zoe Aron <zoearonesq@gmail.com>; Robert Buschel <buschel@bglaw-pa.com>; Mark Peters <mpeters@petersbrovner.com>; christopher.dalton@bipc.com; Bielaska MG <Mary.Bielaska@zanicorn.com>; Allison Catherine Wong <acwong@sheppardmullin.com>; Andrew David Bochner

7

<andrew@bochner.law>; Damani C. Sims <dsims@sheppardmullin.com>; Daniel McGee <daniel.mcgee@bipc.com>; Eric P. Gotting <gotting@khlaw.com>; Ishmael A. Green <igreen@bochner.law>; Jackson E. Brown <jackson.brown@bipc.com>; Jordynn Jackson <jordynn.jackson@bipc.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Lesley Allison Brovner <LBrovner@petersbrovner.com>; Michael McMullen <Michael@floridajusticefirm.com>; Serge Krimnus <serge@bochner.law>; Dov Seewald (dov@tobacco.law) <dov@tobacco.law>; Zanicorn Support <support@zanicorn.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Fraser, James <James.Fraser@thompsonhine.com>; Callinan, Ryan <Ryan.Callinan@thompsonhine.com>; Hernandez, Irvin <Irvin.Hernandez@thompsonhine.com>; Hallmark, Brandon <Brandon.Hallmark@thompsonhine.com>; Ausbrooks, Michaela <Michaela.Ausbrooks@thompsonhine.com>; Ierardi, Lauren <Lauren.Ierardi@thompsonhine.com>
**Subject:** RE: New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures

Joy,

We need a date to meet and confer sooner than 10 days from now, particularly given that the State has pushed to close out fact discovery as soon as possible.  These are basic disclosures of information that the State should have had at hand before it even filed its complaint and are now many months overdue. We fail to see how they are dependent on information the State could claim it is seeking and does not yet have from Defendants.  Please let us know when you are available to meet next week. If you are unwilling to provide such a date, we will have no choice but to submit a letter motion to the Court on this topic.

**Eric N. Heyer | Thompson Hine LLP**
O: 202.263.4128 | M: 202.450.0867

**From:** Mele, Joy <Joy.Mele@ag.ny.gov>
**Sent:** Friday, June 5, 2026 5:58 PM
**To:** Heyer, Eric <Eric.Heyer@thompsonhine.com>; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Handley, Wil <Wil.Handley@ag.ny.gov>; Woodin, Eve <Eve.Woodin@ag.ny.gov>; Miller, Gena <Gena.Miller@ag.ny.gov>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Cachola, Leslieann <Leslieann.Cachola@ag.ny.gov>
**Cc:** Madison Kucker <mkucker@petersbrovner.com>; Stressenger, Anna <Anna.Stressenger@thompsonhine.com>; Zoe Aron <zoearonesq@gmail.com>; Robert Buschel <buschel@bglaw-pa.com>; Mark Peters <mpeters@petersbrovner.com>; christopher.dalton@bipc.com; Bielaska MG <Mary.Bielaska@zanicorn.com>; Allison Catherine Wong <acwong@sheppardmullin.com>; Andrew David Bochner <andrew@bochner.law>; Damani C. Sims <dsims@sheppardmullin.com>; Daniel McGee <daniel.mcgee@bipc.com>; Eric P. Gotting <gotting@khlaw.com>; Ishmael A. Green <igreen@bochner.law>; Jackson E. Brown <jackson.brown@bipc.com>; Jordynn Jackson <jordynn.jackson@bipc.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Lesley Allison Brovner <LBrovner@petersbrovner.com>; Michael McMullen <Michael@floridajusticefirm.com>; Serge Krimnus <serge@bochner.law>; Dov Seewald (dov@tobacco.law) <dov@tobacco.law>; Zanicorn Support <support@zanicorn.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Fraser, James <James.Fraser@thompsonhine.com>; Callinan, Ryan <Ryan.Callinan@thompsonhine.com>; Hernandez, Irvin <Irvin.Hernandez@thompsonhine.com>; Hallmark, Brandon

8

<Brandon.Hallmark@thompsonhine.com>; Ausbrooks, Michaela
<Michaela.Ausbrooks@thompsonhine.com>; Ierardi, Lauren
<Lauren.Ierardi@thompsonhine.com>
**Subject:** RE: New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures

**CAUTION EXTERNAL EMAIL**
Hi Eric,

The State is available to meet and confer on the following dates and times:

June 15th: 1:00 – 2:30 p.m.
June 16th: 1:00 -2:00 p.m.
June 18th: 2:00 – 3:30 p.m.


Joy

**Joy K. Mele | Assistant Attorney General**
Health Care Bureau
New York State Office of the Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8542
Joy.Mele@ag.ny.gov
Pronouns: She/Her

The information contained in this e-mail and any attachments to this e-mail is privileged and confidential information intended only for the use of the individuals or entities named as addressees.  If the reader of this message is not the intended recipient or the employee, agent or service-provider responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this communication in error, please immediately notify the sender by email or by telephone at (212) 416-8542.

**From:** Heyer, Eric <Eric.Heyer@thompsonhine.com>
**Sent:** Thursday, June 4, 2026 11:57 AM
**To:** Mele, Joy <Joy.Mele@ag.ny.gov>; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Handley, Wil <Wil.Handley@ag.ny.gov>; Woodin, Eve <Eve.Woodin@ag.ny.gov>; Miller, Gena <Gena.Miller@ag.ny.gov>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Cachola, Leslieann <Leslieann.Cachola@ag.ny.gov>
**Cc:** Madison Kucker <mkucker@petersbrovner.com>; Stressenger, Anna <Anna.Stressenger@thompsonhine.com>; Zoe Aron <zoearonesq@gmail.com>; Robert Buschel <buschel@bglaw-pa.com>; Mark Peters <mpeters@petersbrovner.com>; christopher.dalton@bipc.com; Bielaska MG <Mary.Bielaska@zanicorn.com>; Allison Catherine Wong <acwong@sheppardmullin.com>; Andrew David Bochner <andrew@bochner.law>; Damani C. Sims <dsims@sheppardmullin.com>; Daniel McGee <daniel.mcgee@bipc.com>; Eric P. Gotting <gotting@khlaw.com>; Ishmael A. Green <igreen@bochner.law>; Jackson E. Brown <jackson.brown@bipc.com>; Jordynn Jackson <jordynn.jackson@bipc.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Lesley Allison Brovner <LBrovner@petersbrovner.com>; Michael McMullen <Michael@floridajusticefirm.com>; Serge Krimnus <serge@bochner.law>; Dov Seewald (dov@tobacco.law) <dov@tobacco.law>; Zanicorn Support <support@zanicorn.com>; Smith, Joseph <Joe.Smith@thompsonhine.com>; Fraser, James

<James.Fraser@thompsonhine.com>; Callinan, Ryan
<Ryan.Callinan@thompsonhine.com>; Hernandez, Irvin
<Irvin.Hernandez@thompsonhine.com>; Hallmark, Brandon
<Brandon.Hallmark@thompsonhine.com>; Ausbrooks, Michaela
<Michaela.Ausbrooks@thompsonhine.com>; Ierardi, Lauren
<Lauren.Ierardi@thompsonhine.com>
**Subject:** New York v. Puff Bar, et al. -- State's Deficient Initial Disclosures

> **[EXTERNAL]**

Joy, et al.,

I write regarding the State's deficient initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Rule 26(a)(1)(A)(iii) requires the State to disclose "a computation of each category of damages claimed," and to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

In its supplemental initial disclosures served on March 3, 2026, the State fails to specify the amount of the abatement fund that it claims is necessary to remedy the alleged public nuisance or any computation of the direct and consequential damages that the State claims to have suffered as a result of Defendants' alleged fraud and gross negligence. Nor has the State yet produced any documents that appear to relate to the Rule 26(a)(1)(A)(iii) requirement.

Please confirm that the State will, by next Friday, 6/12, supplement its initial disclosures to provide in full the information required by Rule 26(a)(1)(A)(iii) and produce all documents on which each computation is based. If the State will not agree to do so, please let us know when you are available to meet and confer regarding these deficiencies. We would prefer to meet tomorrow if possible.

**Eric N. Heyer** | Partner | **Thompson Hine LLP**
1919 M Street, N.W., Suite 700 | Washington, D.C. 20036-3537
**O:** 202.263.4128 | **M:** 202.450.0867
**F:** 202.331.8330 | www.ThompsonHine.com
Eric.Heyer@ThompsonHine.com
<image001.png>
**A Smarter Way to Work – predictable, efficient and aligned with client goals. Read more.**

**Thompson Hine continues its national growth strategy with its third new office in 18 months, expanding into Silicon Valley following recent openings in Minneapolis and Los Angeles.**

Atlanta | Chicago | Cincinnati | Cleveland | Columbus | Dayton | Los Angeles | Minneapolis | New York | Silicon Valley | Washington, D.C.

**<image002.png>**

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be

confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the State of
New York,

                             Plaintiff                   Case No. 25-CV-01445 (MMG)

    -against-                          PLAINTIFF'S SUPPLEMENTAL
                                         RULE 26(a)(1) INITIAL
PUFF BAR, EVO BRANDS, LLC, PVG2, LLC D/B/A   DISCLOSURES
PUFF BAR, ECTO WORLD LLC D/B/A DEMAND
VAPE, MAGELLAN TECHNOLOGY, INC., YLSN
DISTRIBUTION INC. D/B/A HAPPY DISTRO,
MIDWEST GOODS INC. D/B/A MIDWEST
DISTRIBUTION ILLINOIS, 10 DAYS, INC. D/B/A
POD JUICE, SAFA GOODS LLC, SV3 LLC D/B/A
MI-ONE BRANDS, MYLÉ VAPE INC., MVH I, INC.,
PRICE POINT DISTRIBUTORS INC. D/B/A PRICE
POINT NY D/B/A PRICEPOINTNY.COM, WEIS
KHWAJA, HAMZA JALILI, and MOHAMMAD JALILI,

                          Defendants.
-------------------------------------------------------------------------X

       The Office of the Attorney General, on behalf of the People of the State of New York (the

"State"), by its attorney, Letitia James, Attorney General of the State of New York, sets forth the

following as and for the first supplement to their Initial Disclosures pursuant to Rule 26(a)(1) of

the Federal Rules of Civil Procedure.

## INTRODUCTION

    1.     These Initial Disclosures are based upon information presently known to the

State. They are made without prejudice to producing during discovery or at trial information,

documents, or data that are (a) subsequently discovered or determined to be relevant for any

purpose, (b) produced as a result of ongoing investigations, or (c) subsequently determined to

have been omitted from these disclosures.

1

2.      The State reserves the right at any time to revise and/or supplement these Initial Disclosures.

3.      The State hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case. By referring to documents in the Initial Disclosures, the State makes no representations or concessions regarding the relevancy or appropriateness of any particular documents or types of documents.

4.      The State's identification of individuals pursuant to Rule 26(a)(1)(A)(i) is not intended to preclude the State from obtaining discovery of individuals not presently identified. The State reserves the right to include any and all individuals not otherwise included herein, but otherwise identified on the Initial Disclosures for any of the parties to this action.

5.      By providing the disclosures set forth herein, the State does not concede the materiality of the subjects to which they refer. These Initial Disclosures are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

6.      The State's identification or production of documents pursuant to Rule 26(a)(1) is limited to those documents within its production, custody, or control. The State reserves the right to use all documents produced by any party or non-party to this action. With these Initial Disclosures, the State is not identifying documents protected from disclosure by the attorney client, work product, or other applicable privileges. Nor does the State waive the right to object

to Defendants' discovery requests on any basis, including, but not limited to, relevancy, over-breadth, and all applicable privileges.

7.      The inadvertent disclosure of any information and/or document which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that information, document or any other document, or its subject matter or the information contained therein, or of the State's right to object to the use of any such document of the information contained therein during any proceeding in this litigation or otherwise.

## **INITIAL DISCLOSURES**

I.      Fed. R. Civ. P. 26(a)(1)(A)(i) Disclosures:

The below listed individuals are likely to have discoverable information that the State may use to support its claims as detailed in the Complaint.

| **Name/Address** | **Subjects of Discoverable Information** |
|---|---|
| Matthew Jonathan Glauser<br>Ecto World Chief Strategy Officer, Co-Founder, and Partial Owner<br>Magellan Technology President, Co-Founder, and Partial Owner<br><br>c/o Robert C. Buschel<br>Buschel Gibbons, P.A.<br>501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | Defendants Ecto World d/b/a Demand Vape and Magellan Technology Inc.'s policies, procedures, and compliance with federal, state, and local laws concerning Flavored E-Cigarettes.[1]<br><br>Defendants Ecto World and Magellan Technology's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendants Ecto World and Magellan Technology's corporate policies, practices, organizational management, and their related sub-entities and affiliates. |

---

[1] As defined in the Complaint. *See* Complaint, n. 8.

| | Knowledge of Defendants Ecto World and Magellan Technology's policies and procedures, protocols, and oversight of Ecto World's compliance with federal, New York State, and local laws. |
| --- | --- |
| | Creation of Defendant Ecto World's advertising, marketing, and promotion tools, strategies, and/or campaigns. |
| | Knowledge of Defendant Ecto World's exclusive distributor agreements or digital marketing agreements. |
| | Knowledge of the categories, types, and custodians of data used by Defendants Ecto World and Magellan Technology. |
| | Possession, custody and control of the materials, data, documents, communications, and information routinely used in the course of Defendants Ecto World and Magellan Technology's business. |
| | Defendant Ecto World's communications with New York customers regarding Flavored E-Cigarettes. |
| Jordan Jackson<br><br>c/o Robert C. Buschel<br>Buschel Gibbons, P.A.<br>501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | Defendant Ecto World's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Ecto World's corporate policies, practices, organizational management, and its related sub-entities and affiliates.<br><br>Knowledge of Defendant Ecto World's policies and procedures, protocols, and oversight of Ecto World's compliance with federal, New York State, and local laws. |
| Alex Alarshi<br><br>c/o Robert C. Buschel | Knowledge of Ecto World and Magellan Technology's corporate policies and procedures, practices, organizational |

| | |
|---|---|
| Buschel Gibbons, P.A.<br>501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | management, and related sub-entities and affiliates.<br><br>Knowledge of Defendant Ecto World's exclusive distributor agreements or digital marketing agreements. |
| Tony Ali<br><br>c/o Robert C. Buschel<br>Buschel Gibbons, P.A.<br>501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | Knowledge of Ecto World and Magellan Technology's corporate policies and procedures, practices, organizational management, and related sub-entities and affiliates.<br><br>Creation of Defendant Ecto World's advertising, marketing, and promotion tools, strategies, and/or campaigns. |
| Sherin Saado<br><br>c/o Robert C. Buschel<br>Buschel Gibbons, P.A.<br>501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | Creation of Defendant Ecto World's advertising, marketing, and promotion tools, strategies, and/or campaigns. |
| Neil Smirnow<br><br>c/o Robert C. Buschel<br>Buschel Gibbons, P.A.<br>501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | Creation of Defendant Ecto World's advertising, marketing, and promotion tools, strategies, and/or campaigns. |
| Nick Majcher<br><br>c/o Robert C. Buschel<br>Buschel Gibbons, P.A.<br>501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | Knowledge of the categories, types, and custodians of data used by Defendants Ecto World and Magellan Technology.<br><br>Possession, custody and control of the materials, data, documents, communications, and information routinely used in the course of Defendants Ecto World and Magellan Technology's business. |
| Joe Pavlovic<br><br>c/o Robert C. Buschel<br>Buschel Gibbons, P.A. | Defendant Ecto World's communications with New York customers regarding Flavored E-Cigarettes. |

5

| | |
|---|---|
| 501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | |
| Anes Ali<br>Magellan Technology Chief Executive Officer<br><br>c/o Robert C. Buschel<br>Buschel Gibbons, P.A.<br>501 East Las Olas Boulevard, Third Floor<br>Fort Lauderdale, Florida 33301<br>(954) 530-5748<br><br>All co-counsel of record. | Defendant Magellan Technology's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Magellan Technology's corporate policies, practices, organizational management, and its related sub-entities and affiliates. |
| Kamran Yasin<br>Midwest Goods Inc.'s President, Secretary, and Director<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant Midwest Goods Inc. d/b/a/ Midwest Distribution Illinois's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Midwest Goods's corporate policies, practices, organizational management, and its related sub-entities and affiliates.<br><br>Knowledge of Midwest Goods's policies and procedures, protocols, and oversight of its compliance with federal, New York State, and local laws concerning Flavored E-Cigarettes.<br><br>Knowledge of the categories, types and custodians of data Defendant Midwest Goods uses and maintains.<br><br>Possession, custody and control of materials, data, documents, communications, and information routinely used in the course of Defendant Midwest Goods's business. |
| Umair Yasin<br><br>c/o Eric Heyer | Defendant Midwest Goods Inc. d/b/a/ Midwest Distribution Illinois's importing, distribution, marketing, purchasing, product |

| | |
|---|---|
| Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Midwest Goods's corporate policies, practices, organizational management, and its related sub-entities and affiliates.<br><br>Knowledge of the categories, types, and custodians of data Defendant Midwest Goods uses and maintains. |
| Mudassir Yasin<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant Midwest Goods Inc. d/b/a/ Midwest Distribution Illinois's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Midwest Goods's corporate policies, practices, organizational management, and its related sub-entities and affiliates. |
| Midwest Goods Director of Operations<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant Midwest Goods's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Midwest Good's corporate policies, practices, organizational management, and its related sub-entities and affiliates. |
| Midwest Goods Director of Marketing<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant Midwest Goods's marketing operations. |
| Estaphanie Flores<br><br>c/o Eric Heyer | Defendant Midwest Goods's policies, procedures, and compliance with federal, |

| | |
|---|---|
| Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | state, and local laws concerning Flavored E-Cigarettes.<br><br>Knowledge of Midwest Goods's policies and procedures, protocols, and oversight of its compliance with federal, New York State, and local laws concerning Flavored E-Cigarettes. |
| Carol Zelewsky<br>Marketing Manager<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Creation of Defendant Midwest Goods's advertising, marketing, and promotion tools, strategies, and/or campaigns.<br><br>Knowledge concerning Defendant Midwest Goods's digital marketing agreements. |
| Erik Nanstiel<br>Marketing<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Creation of Defendant Midwest Goods's advertising, marketing, and promotion tools, strategies, and/or campaigns. |
| Adam Willich<br>Marketing<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Creation of Defendant Midwest Goods's advertising, marketing, and promotion tools, strategies, and/or campaigns. |
| Imran Sadiq<br>Marketing<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Knowledge concerning Defendant Midwest Goods's exclusive distributor agreements. |
| Dan Charatin<br>Former Sales Manager<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700 | Defendant Midwest Goods's communications with New York customers regarding Flavored E-Cigarettes. |

8

| | |
|---|---|
| Washington, D.C. 20036-3537<br>(202) 263-4128 | |
| Phillip Rogman<br>Formerly Sales<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant Midwest Goods's communications with New York customers regarding Flavored E-Cigarettes. |
| Karen Gross<br>PACT & Tax Compliance Specialist<br>Chemular, Inc.<br>103 W. Main Street<br>Hudson, MI 49247<br>(888) 305-7916 | Defendant 10 Days Inc. d/b/a Pod Juice's policies, procedures, and compliance with federal, state, and local laws concerning Flavored E-Cigarettes. |
| Mohammed S. Humkar<br>10 Days Inc. Co-Owner, Chief Executive Officer, and Board of Directors Member<br><br>Mohammed Humkar<br>10 Days Inc. Co-Owner, Chief Operating Officer, and Board of Directors Member<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant 10 Days Inc.'s compliance with federal, state, and local laws concerning Flavored E-Cigarettes.<br><br>Defendant 10 Days Inc.'s importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant 10 Days Inc.'s corporate policies, practices, organizational management, and its related sub-entities and affiliates.<br><br>Knowledge of Defendant 10 Days Inc.'s policies and procedures, protocols, and oversight of 10 Days's compliance with federal, New York State and local laws.<br><br>Knowledge of Defendant 10 Days Inc.'s operations and fulfillment.<br><br>Knowledge of Defendant 10 Days Inc.'s accounting practices.<br><br>Creation of Defendant 10 Days Inc.'s advertising, marketing, and promotion tools, strategies, and/or campaigns. |

9

|  | Knowledge concerning Defendant 10 Days Inc.'s exclusive distributor agreements or digital marketing agreements.<br><br>Knowledge of the categories, types, and custodians of data Defendant 10 Days Inc. uses and maintains.<br><br>Possession, custody, and control of materials, data, documents, communications, and information routinely used in the course of Defendant 10 Days Inc.'s business.<br><br>Defendant 10 Days Inc.'s communications with New York customers regarding Flavored E-Cigarettes. |
|---|---|
| Shubair Humkar<br>10 Days Inc. Chief Executive Officer<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant 10 Days Inc.'s importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant 10 Days Inc.'s corporate policies, practices, organizational management, and its related sub-entities and affiliates. |
| Shubyre Humkar<br>10 Days Inc. Chief Executive Officer<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Knowledge of Defendant 10 Days Inc.'s policies and procedures, protocols, and oversight of 10 Days's compliance with federal, New York State and local laws.<br><br>Defendant 10 Days Inc.'s design and marketing of Flavored E-Cigarettes into and within New York.<br><br>Defendant 10 Days Inc.'s research and development, formulation, and testing of Flavored E-Cigarettes.<br><br>Defendant 10 Days Inc.'s sales of Flavored E-Cigarettes into New York.<br><br>Knowledge of Defendant 10 Days Inc.'s corporate policies and procedures, practices, |

| | |
|---|---|
| | organizational management, and related sub-entities and affiliates.<br><br>Creation of Defendant 10 Days Inc.'s advertising, marketing, and promotion tools, strategies, and/or campaigns.<br><br>Knowledge concerning Defendant 10 Days Inc.'s exclusive distributor agreements or digital marketing agreements.<br><br>Knowledge of the categories, types, and custodians of data Defendant 10 Days Inc. uses and maintains.<br><br>Possession, custody, and control of materials, data, documents, communications, and information routinely used in the course of Defendant 10 Days Inc.'s business.<br><br>Defendant 10 Days Inc.'s communications with New York customers regarding Flavored E-Cigarettes. |
| Tracy Villegas<br>10 Days Inc. Operations Manager<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant 10 Days Inc.'s operations concerning the sales of Flavored E-Cigarettes into and within New York. |
| Ashtyn Modabber<br>10 Days Inc. Sales Director<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant 10 Days Inc.'s sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of the categories, types, and custodians of data Defendant 10 Days Inc. uses and maintains.<br><br>Possession, custody, and control of materials, data, documents, communications, and information routinely used in the course of Defendant 10 Days Inc.'s business.<br><br>Defendant 10 Days Inc.'s communications with New York customers regarding Flavored E-Cigarettes. |

| | |
|---|---|
| Cesar Encalada<br>10 Days Inc. Design/Marketing<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant 10 Days Inc.'s design and marketing of Flavored E-Cigarettes into and within New York.<br><br>Knowledge concerning Defendant 10 Days Inc.'s exclusive distributor agreements or digital marketing agreements.<br><br>Defendant 10 Days Inc.'s communications with New York customers regarding Flavored E-Cigarettes. |
| Vanessa Plaza<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700 | Knowledge of Defendant 10 Days Inc.'s accounting practices.<br><br>Knowledge concerning Defendant 10 Days Inc.'s exclusive distributor agreements or digital marketing agreements.<br><br>Knowledge of the categories, types, and custodians of data Defendant 10 Days Inc. uses and maintains.<br><br>Possession, custody, and control of materials, data, documents, communications, and information routinely used in the course of Defendant 10 Days Inc.'s business.<br><br>Defendant 10 Days Inc.'s communications with New York customers regarding Flavored E-Cigarettes. |
| Hamza Jalili<br>Price Point President, Chief Executive Officer, and Board of Directors Member<br><br>c/o Ishmael Green<br>Bochner PLLC<br>1040 Avenue of the Americas, 15th Floor<br>New York, NY 10018<br>(212) 444-3135 | Defendant Price Point Distributors Inc. d/b/a Price Point NY d/b/a pricepointny.com's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Defendant Price Point's policies, procedures, and compliance with federal, state and local laws.<br><br>Knowledge of Defendant Price Point's corporate policies, practices, organizational management, and its related sub-entities and affiliates. |

12

| | |
|---|---|
| | Individual Price Point Defendants' conduct giving rise to liability, as alleged in the Complaint.<br><br>Knowledge of Defendant Price Point's policies and procedures, protocols, and oversight of Price Point's compliance with federal, New York State and locals concerning Flavored E-Cigarettes.<br><br>Knowledge of Defendant Price Point's business operations.<br><br>Creation of Defendant Price Point's advertising, marketing, and promotion tools, strateg(ies), and/or campaigns.<br><br>Knowledge concerning Defendant Price Point's distributor agreements or digital marketing agreements.<br><br>Knowledge of the categories, types, and custodians of data routinely used by Defendant Price Point and how the data is maintained.<br><br>Possession, custody and control of materials, data, documents, communications and information routinely used in the course of Defendant Price Point's business.<br><br>Defendant Price Point's communications with New York customers regarding Flavored E-Cigarettes. |
| Weis Khwaja<br>Price Point Vice President<br><br>c/o Ishmael Green<br>Bochner PLLC<br>1040 Avenue of the Americas, 15th Floor<br>New York, NY 10018<br>(212) 444-3135 | Defendant Price Point's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Price Point's corporate policies, practices, organizational management, and its related sub-entities and affiliates. |

13

| | Individual Price Point Defendants' conduct giving rise to liability, as alleged in the Complaint.<br><br>Knowledge of Defendant Price Point's business operations.<br><br>Defendant Price Point's communications with New York customers regarding Flavored E-Cigarettes. |
|---|---|
| Mohammad Jalili<br>Price Point Shareholder<br><br>c/o Ishmael Green<br>Bochner PLLC<br>1040 Avenue of the Americas, 15th Floor<br>New York, NY 10018<br>(212) 444-3135 | Defendant Price Point's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Price Point's corporate policies, practices, organizational management, and its related sub-entities and affiliates.<br><br>Individual Price Point Defendants' conduct giving rise to liability, as alleged in the Complaint. |
| Elias Jalili<br><br>c/o Ishmael Green<br>Bochner PLLC<br>1040 Avenue of the Americas, 15th Floor<br>New York, NY 10018<br>(212) 444-3135 | Knowledge of Defendant Price Point's business operations.<br><br>Creation of Defendant Price Point's advertising, marketing, and promotion tools, strateg(ies), and/or campaigns. |
| Nasim Jalili<br><br>c/o Ishmael Green<br>Bochner PLLC<br>1040 Avenue of the Americas, 15th Floor<br>New York, NY 10018<br>(212) 444-3135 | Knowledge of Defendant Price Point's business operations. |
| Patrick Beltran<br>EVO Brands Co-Founder and Co-CEO, and Director<br>PVG2 Co-Founder and Co-CEO<br><br>Nicholas Minas | Defendants Puff Bar, EVO Brands, LLC, and PVG2, LLC's ("Puff Defendants") importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and |

14

| | |
|---|---|
| EVO Brands Co-Founder and Co-CEO<br>PVG2 Co-Founder and Co-CEO<br><br>c/o Mary G. Bielaska<br>Zanicorn Legal PLLC<br>845 Third Avenue, 6th Floor<br>New York, NY 10022<br>(858) 761-2197 | sales of Flavored E-Cigarettes into and within New York.<br><br>Puff Defendants' policies, procedures, and compliance with federal, state, and local laws concerning Flavored E-Cigarettes.<br><br>Knowledge of Puff Defendants' corporate policies, practices, organizational management, and its related sub-entities and affiliates.<br><br>Assignment of the Puff trademarks from DS Technology Licensing, LLC to EVO Brands, LLC.<br><br>Creation of Puff Defendants' advertising, marketing, and promotion tools, strateg(ies), and/or campaigns.<br><br>Knowledge of Puff Defendants' exclusive distributor agreements and digital marketing agreements.<br><br>Knowledge of the categories, types, and custodians of data routinely used by the Puff Defendants and how the data is maintained.<br><br>Possession, custody and control of materials, data, documents, communications, and information routinely used in the course of Puff Defendants' business. |
| Haithem Shriteh<br><br>c/o Lesley Brovner<br>Mark Peters<br>Madison Kucker<br>Peters Brovner<br>139 Fulton Street, Suite 132<br>New York, NY 10038<br>(516) 459-7112 | Defendant Safa Goods LLC's policies, procedures, and compliance with federal, state, and local laws concerning Flavored E-Cigarettes.<br><br>Defendant Safa Goods's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Safa Goods's corporate policies, practices, organizational |

15

| | management, and its related sub-entities and affiliates. |
|---|---|
| | Knowledge of Defendant Safa's policies and procedures, protocols, and oversight of Safa's compliance with federal, New York State and local laws concerning Flavored E-Cigarettes. |
| | Creation of Defendant Safa's advertising, marketing, and promotion tools, strateg(ies), and/or campaigns. |
| | Knowledge of the general categories and types of Defendant Safa's data systems and how such data is maintained. |
| | Defendant Safa's communications with New York customers regarding Flavored E-Cigarettes. |
| Ahmed (Adam) Shriteh<br><br>c/o Lesley Brovner<br>Mark Peters<br>Madison Kucker<br>Peters Brovner<br>139 Fulton Street, Suite 132<br>New York, NY 10038<br>(516) 459-7112 | Defendant Safa Goods LLC's policies, procedures, and compliance with federal, state, and local laws concerning Flavored E-Cigarettes.<br><br>Defendant Safa Goods's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant Safa Goods's corporate policies, practices, organizational management, and its related sub-entities and affiliates. |
| Nichole Jayne<br>Legal and Compliance Manager<br><br>c/o Lesley Brovner<br>Mark Peters<br>Madison Kucker<br>Peters Brovner<br>139 Fulton Street, Suite 132<br>New York, NY 10038<br>(516) 459-7112 | Knowledge of Defendant Safa's policies and procedures, protocols, and oversight of Safa's compliance with federal, New York State and local laws concerning Flavored E-Cigarettes. |

16

| | |
|---|---|
| Personnel in Safa's accounting and compliance department involved in compliance related reporting and relating recordkeeping.<br><br>c/o Lesley Brovner<br>Mark Peters<br>Madison Kucker<br>Peters Brovner<br>139 Fulton Street, Suite 132<br>New York, NY 10038<br>(516) 459-7112 | Knowledge of Defendant Safa's policies and procedures, protocols, and oversight of Safa's compliance with federal, New York State and local laws concerning Flavored E-Cigarettes. |
| Candace Cushman<br><br>c/o Lesley Brovner<br>Mark Peters<br>Madison Kucker<br>Peters Brovner<br>139 Fulton Street, Suite 132<br>New York, NY 10038<br>(516) 459-7112 | Creation of Defendant Safa's advertising, marketing, and promotion tools, strateg(ies), and/or campaigns. |
| Ryan Diff<br>IT Manager<br><br>c/o Lesley Brovner<br>Mark Peters<br>Madison Kucker<br>Peters Brovner<br>139 Fulton Street, Suite 132<br>New York, NY 10038<br>(516) 459-7112 | Knowledge of the general categories and types of Defendant Safa's data systems and how such data is maintained. |
| Xin Wang a/k/a David Wang<br>YLSN Owner, Operator, and Chief Executive Officer<br><br>c/o Eric P. Gotting<br>Keller and Heckman LLP<br>1001 G Street NW<br>Suite 500W<br>Washington, DC 20001<br>(202) 434-4269<br><br>All co-counsel of record. | Defendant YLSN's Distribution Inc. d/b/a Happy Distro's policies, procedures, and compliance with federal, state, and local laws concerning Flavored E-Cigarettes.<br><br>Defendant YLSN's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant YLSN's corporate policies, practices, organizational |

17

| | management, and its related sub-entities and affiliates.<br><br>Knowledge of Defendant YLSN's policies and procedures, protocols, and oversight of YLSN's compliance with federal, New York State and local laws concerning Flavored E-Cigarettes.<br><br>All Defendant YLSN's business operations.<br><br>Creation of Defendant YLSN's advertising, marketing, and promotion tools, strateg(ies), and/or campaigns.<br><br>Knowledge of Defendant YLSN's exclusive distributor agreements or digital marketing agreements.<br><br>Knowledge of the categories, types, and custodians of data routinely used by Defendant YLSN and how the data is maintained.<br><br>Possession, custody and control of materials, data, documents, communications and information routinely used in the course of Defendant YLSN's business.<br><br>Defendant YLSN's communications with New York customers regarding Flavored E-Cigarettes. |
|---|---|
| Duo Zhong a/k/a Nathan Zhong<br>YLSN Chief Financial Officer<br>Third Party Financial Advisor<br>MASC, Inc.<br>PO Box 223<br>Indianapolis, Indiana 46206<br>(317) 502-2015<br><br>1702 N. Collins Blvd., Suite 2006<br>Richardson, TX 75080 | Defendant YLSN's policies, procedures, and compliance with federal, state, and local laws concerning Flavored E-Cigarettes.<br><br>Defendant YLSN's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant YLSN's corporate policies, practices, organizational |

18

| | |
|---|---|
| | management, and its related sub-entities and affiliates.<br><br>Knowledge of Defendant YLSN's policies and procedures, protocols, and oversight of YLSN's compliance with federal, New York State and local laws concerning Flavored E-Cigarettes.<br><br>All Defendant YLSN's business operations.<br><br>Creation of Defendant YLSN's advertising, marketing, and promotion tools, strateg(ies), and/or campaigns.<br><br>Knowledge of Defendant YLSN's exclusive distributor agreements or digital marketing agreements.<br><br>Knowledge of the categories, types, and custodians of data routinely used by Defendant YLSN and how the data is maintained.<br><br>Possession, custody and control of materials, data, documents, communications and information routinely used in the course of Defendant YLSN's business.<br><br>Defendant YLSN's communications with New York customers regarding Flavored E-Cigarettes. |
| Liang Yan<br>Former Sales<br>(626) 673-3378<br><br>Simeon Adan<br>Former Sales<br>(707) 567-4751<br><br>Yu Guo<br>Former Sales<br>(213) 716-4116<br><br>Zaipaer Subate<br>Former Sales | Knowledge of Defendant YLSN's sales and shipments of Flavored E-Cigarettes to New York.<br><br>Defendant YLSN's communications with New York customers regarding Flavored E-Cigarettes. |

| | |
|---|---|
| (818) 641-2170<br><br>Juan Carlos Portillo<br>Former Safa Warehouse Employee<br>(520) 982-9552 | |
| Amir Hakak<br>SV3 Board of Directors Member<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant SV3, LLC d/b/a Mi-One Brand's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York<br><br>Knowledge of Defendant SV3's corporate policies, practices, organizational management, and its related sub-entities and affiliates. |
| Geoff Habicht<br>SV3 Board of Directors Member<br>President<br><br>Rebecca Basinski<br>Vice President – Finance & Accounting<br><br>Brian Sklena<br>Vice President - Marketing<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Defendant SV3's policies, procedures, and compliance with federal, state, and local laws concerning Flavored E-Cigarettes.<br><br>Defendant SV3's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Knowledge of Defendant SV3's corporate policies, practices, organizational management, and its related sub-entities and affiliates.<br><br>Knowledge of Defendant SV3's policies and procedures, protocols, and oversight of SV3's compliance with federal, New York State, and local laws concerning Flavored E-Cigarettes.<br><br>Habicht and Sklena involvement in the creation of Defendant SV3's advertising, marketing, and promotion tools, strateg(ies) and/or campaigns.<br><br>Habicht and Sklena have knowledge concerning Defendant SV3's exclusive |

20

| | distributor agreements or digital marketing agreements.<br><br>Knowledge of the categories, types and custodians of data routinely used by Defendant SV3 and how the data is maintained.<br><br>Possession, custody and control of materials, data, documents, communications and information routinely used in the course of Defendant SV3's business.<br><br>Habicht and Sklena have knowledge of Defendant SV3's communications with New York customers regarding Flavored E-Cigarettes. |
|---|---|
| Brian Mayse<br>Director of Sales<br><br>c/o Eric Heyer<br>Thompson Hine LLP<br>1919 M Street, N.W., Suite 700<br>Washington, D.C. 20036-3537<br>(202) 263-4128 | Knowledge of Defendant SV3's communications with New York customers regarding Flavored E-Cigarettes. |
| Ariel Gorelik<br>Mylé Vape Inc. Chief Executive Officer<br>MVH I, Inc. Chief Executive Officer<br><br>c/o Christopher J. Dalton<br>Buchanan Ingersoll & Rooney PC<br>550 Broad Street<br>Suite 810<br>Newark, NJ 07102-4582<br>(973) 424-5614 | Defendants Mylé Vape Inc. and MVH I's importing, distribution, marketing, purchasing, product development, down stocking and inventory, accounts and billing, shipping, delivery, and sales of Flavored E-Cigarettes into and within New York.<br><br>Defendants Mylé Vape Inc. and MVH I's policies, procedures, and compliance with federal, state and local laws concerning Flavored E-Cigarettes.<br><br>Knowledge of Defendants Mylé Vape Inc. and MVH I's corporate policies, practices, organizational management, and its related sub-entities and affiliates. |
| New York State Department of Taxation and Finance (DTF) Representative<br><br>c/o Office of Counsel | Licensing status of retailers receiving Flavored E-Cigarettes shipped by Defendants and DTF's publicly available online repository of Registered Retail Dealers of |

21

| | |
|---|---|
| New York State Department of Taxation and Finance<br>W A Harriman Campus, Building 9<br>Albany NY 12227<br>(518) 474-6400 | Cigarettes and Tobacco Products and Vapor Products. |
| Gina O'Sullivan<br>Director, Bureau of Tobacco Control<br>New York State Department of Health<br><br>Haven Battles<br>Assistant Director, Bureau of Chronic Disease Evaluation and Research<br>New York State Department of Health<br><br>c/o Danielle Rysedorph<br>Deputy Director, Bureau of Litigation<br>Division of Legal Affairs<br>New York State Department of Health<br>Empire State Plaza<br>Corning Tower, Room 2438<br>Albany, NY 12237-0026<br>(518) 474-5448 | The scope and characteristics of the harm caused by the flavored vapor product industry in New York, especially among its youth.<br><br>Efforts and investments made by the New York State Department of Health to abate the nuisance. |
| Karen Hollowood<br>Associate in School Nursing<br>New York State Education Department<br><br>c/o Office of Counsel<br>New York State Education Department<br>89 Washington Ave.<br>Albany, NY 12234<br>(518) 474-6400 | The scope and characteristics of the harm caused by the flavored vapor product industry in New York, especially among its youth.<br><br>Efforts and investments made by the New York State Education Department to abate the nuisance. |
| All individuals identified by any Defendant in their respective Initial Disclosures. | Subjects identified by Defendant(s). |
| All individuals identified by any Defendant in their respective answers to Plaintiffs' Interrogatories. | Subjects identified by Defendant(s) in their answers to Plaintiff's Interrogatories. |

II.    Fed. R. Civ. P. 26(a)(1)(A)(ii) Disclosures.

The documents and electronically stored information (collectively "Documents") in the State's possession, custody, or control (within the Office of the Attorney General) that may be used by the State to supports its claims are described as follows:

22

| **Category** |
| --- |
| Documents produced by Magellan Technology, Inc. in response to the State's Subpoena, dated April 26, 2024. |
| Documents produced by Ecto World LLC in response to the State's Subpoena, dated April 26, 2024. |
| Documents produced by Midwest Goods Inc. in response to the State's Subpoena, dated June 10, 2024. |
| Documents produced by MYLÉ Vape Inc. in response to the State's Subpoena, dated September 19, 2024. |
| Documents produced by 10 Days, Inc. in response to the State's Subpoena, dated June 10, 2024. |
| Documents produced by Price Point Distributors, Inc. in response to the State's Subpoena, dated December 4, 2024. |
| Documents produced by Safa Goods LLC in response to the State's Subpoena, dated May 3, 2024. |
| Documents produced by SV3 LLC in response to the State's Subpoena, dated May 8, 2024. |
| Documents produced by YLSN Distribution Inc. in response to the State's Subpoena, dated May 3, 2024. |

III.       Fed. R. Civ. P. 26(a)(1)(A)(iii) Disclosures.

The documents necessary to compute each category of damages is within the sole possession, custody, and control of Defendants. All Defendants except EVO Brands, MVH I, and the Individual Defendants have violated one or more provisions of the PACT Act, 15 U.S.C. § 375, *et seq.*, and 18 U.S.C. § 1716E, and are subject to civil penalties in an amount to be determined at trial thereunder. Each Defendant is subject, pursuant to New York Executive Law § 63(12) for (i) damages in an amount to be determined at trial for its fraudulent and/or illegal practices that cause compensable injuries to the State  or any other person; (ii) all applicable civil penalties for each separate violation of New York's Public Health Law; and (iii) to disgorge all revenues wrongfully obtained as a result of fraudulent and/or illegal practices in violation of each statute. All Defendants are jointly and severally liable to endow an abatement fund with sufficient capital to eliminate the public nuisance they are responsible for creating, maintaining, exacerbating, contributing to and/or perpetuating. Each Defendant is liable for direct and consequential damages for the fraud, gross

negligence, and/or willful misconduct in an amount to be determined at trial. Each Defendant is liable for punitive damages for its fraud, gross negligence, and/or willful misconduct in an amount to be determined at trial. Each Defendant is liable for equitable disgorgement of all benefits it wrongfully received.

More specifically, the following is a computation of damages claimed by Plaintiff:

1.  Penalties – The New York State Attorney General may seek penalties pursuant to:

    a.  New York Public Health Law ("PHL") §1399-ll(5) not to exceed the greater of (i) $5,000 for each violation of PHL § 1399-ll(1-a); or (ii) $100 for each Flavored E-Cigarette caused to be shipped or transported in violation of PHL § 1399-ll(1-a);

    b.  PHL § 1399-mm-1(3) not to exceed $100 for each individual package of Flavored E-Cigarette sold or offered for sale in violation of PHL § 1399-mm-1(2);

    c.  The PACT Act, 15 U.S.C. § 377(b) not to exceed in the case of a delivery seller, the greater of (i) $5,000 in the case of the first violation of the PACT Act delivery sales requirements set forth in 15 U.S.C. § 376a, or $10,000 for any other violation of 15 U.S.C. § 376a; or (ii) for any violation of 15 U.S.C. § 376a, 2% of the gross sales of Flavored E-Cigarettes of the delivery seller during the 1-year period ending on the date of the violation;

    d.  The PACT Act, 18 U.S.C. § 1716E(d), in an amount equal to 10 times the retail value of the nonmailable Flavored E-Cigarettes deposited in or carried through the mails in violation 18 U.S.C. § 1716E;

2.  Disgorgement – The New York State Attorney General is entitled to seek disgorgement as a remedy under N.Y. Exec. Law § 63(12). *See, e.g.*, *People v. Greenberg*, 27 N.Y.3d 490, 497 (2016);

3. <u>Injunction</u> – the New York State Attorney General may seek an injunction against any person who has engaged in repeated fraudulent or illegal acts or otherwise demonstrated persistent fraud or illegality in the carrying on, conducting or transaction of business. N.Y. Exec. Law § 63(12), as well as pursuant to 15 U.S.C. § 377(b)(2) and 15 U.S.C. § 378(c) for violations of the PACT Act, and PHL § 1399-ll(6) for violations of PHL § 1399-ll(1-a);

4. <u>Abatement fund</u> – a fund reasonably calculated to reduce the ongoing harm of Defendants' past conduct in contributing to the public health crisis caused by the unlawful sale, marketing, distribution of Flavored E-Cigarettes into and within New York and targeting the youth, including abatement remedies such as providing public education, treatment programs and cessation assistance, necessary research, and disposal of unlawful Flavored E-Cigarettes that have flowed into and within the State;

5. <u>Common law violations</u> – pursuant to New York common law, the New York Attorney General is entitled to seek direct and consequential damages from each Defendant caused by its fraud, gross negligence, and/or willful misconduct, in an amount to be determined at trial; punitive damages from each Defendant on account of the egregiousness, publicly-directed nature, and high moral culpability of its fraud, gross negligence, and/or willful misconduct, in an amount to be determined at trial; and equitable disgorgement from each Defendant of all benefits it wrongfully received from its unlawful conduct;

6. <u>Punitive damages</u> – in an amount to be determined at trial;

7. <u>Fees and costs</u> - Plaintiff additionally seeks any and all fees and costs permitted under the law for the claims alleged in the complaint. *See* ECF Doc. 1, p. 191; and

25

8. <u>Additional monetary award</u> – The New York State Attorney General is entitled to seek from the court an additional award of up to $2,000 per Defendant pursuant to N.Y. C.P.L.R. § 8303(a)(6).

Plaintiff reserves the right to modify the above damages calculation, as documents and information relevant to the issue of damages and penalties come into Plaintiff's custody, possession and control during the discovery process and through the engagement of relevant expert witnesses.

IV.       Fed. R. Civ. P. 26(a)(1)(A)(iv) Disclosures.

Not applicable.

Dated: March 3, 2026

LETITIA JAMES
Attorney General of the State of New York

<u>/s/ Joy K. Mele</u>
Joy K. Mele
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005

26