USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- X
                                                :

THE CITY OF NEW YORK,                         :

                             Plaintiff,          :

                                                :          25-CV-02850 (MMG)
        -v-                                 :

PUFF BAR, et al.,                              :

                                 Defendants.      :

------------------------------------------------------------------------- :

PEOPLE OF THE STATE OF NEW YORK, BY LETITIA   :
JAMES,                                              :

                                    Plaintiff,          :

                                                :          25-CV-01445 (MMG)
        -v-                                 :

PUFF BAR, et al.,                              :                  <u>ORDER</u>

                                 Defendants.      :

                                              X

--------------------------------------------------------------------------

MARGARET M. GARNETT, United States District Judge:

On July 6, 2026, the Court held a conference on Defendants' motion for early determination of a question of statutory interpretation under the PACT Act, the ambiguity of which Defendants had indicated was significantly affecting the progress of discovery and settlement negotiations. *See* 25-cv-02850, Dkt. No. 80; 25-cv-01445, Dkt. No. 133. With the hope of facilitating efficient discovery in these related cases, as well as settlement negotiations, the Court issued a ruling on the record at the conference, finding, in sum, that 15 U.S.C. § 377(b)(1)(A)(ii) provides for a maximum civil penalty calculation of 2% of nationwide gross sales, on a per violation basis.

Since that conference, the parties have filed letters revealing a misalignment in understanding the Court's ruling, and on July 29, 2026, Defendants filed a motion for clarification. The City and the State seek "all discovery relevant to the calculation of the PACT Act and Public Health Law penalties that have previously been withheld, including but not limited to all information concerning Defendants' nationwide sales and other discovery that has been withheld because of Defendants' 'no New York nexus' objection." *See* 25-cv-02850, Dkt.

No. 123; 25-cv-01445, Dkt. No. 197.  Defendants stated that they understand the Court's PACT Act ruling to "clearly distinguish between nationwide discovery relevant to the calculation of PACT Act civil penalties and broader nationwide discovery sought for liability purposes," meaning nationwide discovery related to PACT Act civil penalties would be limited to nationwide gross sales data.  *See* 25-cv-02850, Dkt. No. 124; 25-cv-1445, Dkt. No. 202.

As explained at the conference, "discovery for out-of-state sales remains relevant if it has a proven connection to in-jurisdiction sales or to arguments that the Plaintiffs are raising about the elements they have to prove for the in-jurisdiction statutory violations."  25-cv-01445, Dkt. No. 198 ("Tr.") at 18:4–9.  But as to damages, Plaintiffs are entitled to discovery as to out-of-state sales, "only inasmuch as it relates to the dollar amount of a company's gross sales nationwide" which "should be relatively narrow and easy for defendants to produce."  Tr. at 18:10–16.

As the parties are aware, Federal Rule of Civil Procedure 26(b)(1) allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  "Proportionality and relevance are 'conjoined' concepts;  the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate."  *Vaigasi v. Solow Management Corp.*, 11-CV-5088, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016).  While of course Plaintiffs are not required to simply take Defendants' word for the dollar value of their nationwide gross sales, Plaintiffs are expected to tailor their discovery requests so that they are proportional to the Court's determination that, on damages, out-of-state sales are relevant *only* as it relates to the company's gross sales dollar amount.  As the Court has repeated on numerous occasions, Plaintiffs are not automatically entitled to the entirety of Defendants' business records without restraint.  The same applies to Defendants: they must produce more than, for example, mere internally created sales summaries.  In some instances, certain invoices, receipts, and deposits, may be properly tailored requests, however, the Court cannot answer the question of proper tailoring, in the abstract, for each Defendant's records.

By separate orders, and at the parties' request, the Court is referring this matter to Magistrate Judge Figueredo for the management of discovery.  This Order is intended to respond to the parties' request for clarification on the Court's prior legal ruling and its implications, and not to intrude into Judge Figueredo's province to manage discovery and resolve the parties' discovery disputes in the manner she thinks best.

SO ORDERED.

Dated:  July 31, 2026
     New York, New York
_____
MARGARET M. GARNETT
United States District Judge

2