**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,
BY LETITIA JAMES

Plaintiff,

-against-

PUFF BAR et al.,

Defendants.
----------------------------------------------------------------X
THE CITY OF NEW YORK,

Plaintiff,

-against-

PUFF BAR et al.,

Defendants.
----------------------------------------------------------------X

25-CV-1445 (MMG)
25-CV-2850 (MMG)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

The Court held a conference on August 18, 2026, to address certain discovery disputes between the parties.

The Court has scheduled recurring **in-person** conferences for the remainder of the year. The conferences will be held in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. The parties should promptly notify the Court if there is an unavoidable conflict with any of the conference dates. Additionally, the parties should file a joint letter at least **one week** prior to each discovery conference outlining the outstanding discovery issues and the parties' respective positions. The conferences are scheduled for:

- Thursday, September 24, 2026 at 10:00 a.m. The pre-conference joint letter must be filed by **September 17, 2026.**

- Tuesday, October 27, 2026 at 10:00 a.m. The pre-conference joint letter must be filed by **October 20, 2026.**

- Thursday, December 10, 2026 at 10:00 a.m. The pre-conference joint letter must be filed by **December 3, 2026.**

As discussed at the conference, the deadline for the substantial completion of document discovery is **January 29, 2027**. The deadline for the completion of all document discovery is **March 31, 2027**.

The parties should be prepared to meet and confer and attempt to resolve the issues discussed at the August 18 conference before the September 24 conference. If the parties are unable to resolve those issues, they should raise them in their joint letter prior to the conference, along with any new discovery disputes that are ripe for Court intervention. Below is a summary of the issues discussed at the August 18 conference along with relevant action items:

- Defendant Midwest Goods is directed to confirm by **August 24, 2026**, whether it has produced from 2020-2026 documents to demonstrate its net income or profits during that period.

- Defendants Puff Bar, Evo Brands, and PVG2 are directed to provide the Court with an update by **August 24, 2026**, as to the status of the collection of the e-mail accounts and mobile phones for all owners and employees during the relevant time period. Specifically, counsel is directed to confirm whether all of the relevant mobile phones have been collected and if not, to explain what steps have been taken to collect those phones. Counsel is also directed to confirm whether it has collected e-mails from all relevant e-mail accounts and if not, to explain what steps have been taken to collect the documents from the e-mail accounts. Counsel is reminded that counsel must oversee this process and cannot rely solely on the client to identify and collect relevant depositories of potentially responsive documents. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 341 F.R.D. 474, 502 (S.D.N.Y. 2022) ("[T]he Federal Rules of Civil Procedure obligate counsel to monitor compliance so that all sources of discoverable information are identified and searched.") (internal quotation marks and citation omitted).

- Defendants 10 Days, Safa Goods, SV3, Magellan, and Demand Vape are directed to inform the Court by **August 24, 2026**, whether they have an objection to identifying for Plaintiffs which bates numbers of responsive documents correspond to specific RFPs. If Defendants do object to providing this meta data to Plaintiffs, they must adequately explain the basis for that objection.

- Defendant Myle is directed to begin its production of "go-get" documents (such as (but not limited to) agreements, invoices, and PACT Act reports from 2020-2026) before September 24, 2026. By that date, Myle is also directed to have collected and begun the process of imaging the 4-5 mobile phones discussed at the conference. To the extent any relevant e-mail accounts have not been collected, Myle must have collected the documents from those accounts by September 24, 2026.

- Defendant Price Point is directed to determine how many "go-get" documents have been collected thus far and how many such documents may still remain to be collected. All relevant mobile phones and all e-mail accounts must be collected and the process of imaging those phones and e-mail accounts must begin prior to September 24, 2026. On the issue raised during the conference—concerning Mohammad Jalili's involvement in the business and use of e-mail or a mobile phone to conduct business for Price Point—Price Point raised the issue but the parties had not previously met and conferred to discuss it. As such, the parties are directed to meet and confer prior to September 24 so that any dispute can be ripe for discussion at the next conference.

- Defendant YLSN is directed to collect the 3 missing mobile phones from former employees before September 24, 2026, or provide an update as to the status of the collection of those phones at the next conference.

- To the extent Plaintiffs identify any missing custodians during the course of their review of each Defendant's rolling production of documents, Plaintiff should raise the issue with the particular Defendant and attempt to resolve the dispute through a meet and confer. If after a meet and confer the issue is not resolved, Plaintiffs may raise the issue again with the Court.

- As to Plaintiffs' concern that Defendants have over designated documents as Confidential or Attorney's Eyes Only, the parties are directed to meet and confer in an attempt to narrow the scope of this dispute after a review of Defendants' overlay production with documents de-designated. If after a meet and confer there remain categories of documents which Plaintiffs believe should not be designated Confidential or Attorney's Eyes Only under the Protective Order, the relevant Defendant is directed to file a separate letter by **September 17, 2026**, explaining the categories of documents it has designated as Confidential or Attorney's Eyes Only,

the basis for the designation, and the number of documents in those categories that have been given the Confidential or Attorney's Eyes Only designation.

- If there are specific RFPs from Defendants for which Plaintiffs are standing on their written objections and are not going to produce responsive documents in their possession, Defendants should engage in a meet and confer in advance of the September 24 conference, such that any dispute can be ripe for Court intervention at the conference.

Finally, at the conference the parties raised what has been termed the "New York nexus objection" and the confusion over the scope of discovery given the Court's orders during conferences on April 23, 2026, and July 6, 2026, and a written order on July 31, 2026. On April 23, 2026, Judge Garnett ordered briefing on the issue of PACT Act damages and in doing so, indicated that the issue of PACT Act damages "should only affect a narrow slice of the discovery in this case . . . [b]ecause the question of whether activities outside of New York State or New York City are relevant is not decided by the PACT Act calculation." Tr. at 11-12. The Court explained that "[P]laintiffs are correct that while they can only enforce actual[ ] sales and commercial transactions that are in New York State or New York City, in order to prove those claims on things like intent, on bad faith, on understanding the structure of the industry, and what agreements and arrangements have been made . . . it would not be normal for businesses like these defendants who operate all around the country to try to cabin inquiry into those subjects solely based on things that they do in New York." Id. at 12. The Court added: "so the idea that there is some kind of geographic wall around every possible record request coming from the plaintiffs, that's just not a sustainable position," explaining that "information . . . upstream from the direct sales in New York is relevant to a number of claims in this case and, frankly, to a number of defenses that I assume defendants are going to have." Id. Finally, the Court stated that

"the bulk of your discovery disputes are not about and do not depend on the outcome of . . . the decision about the PACT Act damages. So no one is to assume by me granting a [briefing] schedule that that is a signal in any way to allow you to continue to resist discovery about defendants' activities that are not direct sales into New York State." Id. at 13. After the parties briefed the PACT Act damages issue, the Court issued an oral ruling on July 6, 2026.

Nothing in the Court's ruling from July 6 or in its subsequent written order on July 31 suggests that the Court changed its view about the limited scope of its decision on the issue of PACT Act damages. Put simply, the Court's July 6 ruling addressed only the scope of discovery as it pertains to damages under the PACT Act. And Plaintiffs have asserted non-PACT Act claims for which discovery with no New York nexus may be relevant. That being said, discovery must be proportional to the needs of the case and there may be particular document requests that, given their scope, may pose an undue burden or may be overly broad. If there are specific requests for which this is the case, Defendants may raise the issue with Plaintiffs and if a compromise cannot be reached, Defendants can raise the dispute at the next conference.

**SO ORDERED.**

DATED: New York, New York
August 19, 2026

VALERIE FIGUEREDO
United States Magistrate Judge